PATTERSON, Presiding Judge.
The appellant, Eddie L. Brown, appeals from the revocation of his probation. On December 13, 1985, he pleaded guilty to theft of property in the second degree in two cases, CC-85-182 and -183, and was sentenced to four years’ imprisonment in each case. The sentences were suspended subject to the appellant’s successfully completing three years’ probation. One of the conditions of his probation was that he would not engage in further criminal activity-
The record is incomplete in this case; however, it shows that probation delinquent charges were brought against the appellant for a new felony charge of theft of property in the second degree. The record does not show the date the delinquency petition was filed nor does it contain a copy of the petition. The record does show that the appellant received a copy of the petition prior to the revocation hearing. While the petition was pending, the appellant was convicted of the new offense of theft in the second degree. After a hearing, the trial court revoked the appellant’s probation and reinstated the original sentences, finding that probation had been violated by reason of the appellant’s having been convicted of the new theft offense. The appellant raises three issues on appeal.
I.
The appellant first contends that the trial court abused its discretion in revoking probation. He argues that the length of time between the commission of the crimes and the fact that they were crimes against property mitigated against revocation. We find no merit in this contention and no abuse of discretion.
II.
The appellant contends that the evidence before the trial court was insufficient for it to determine if the delinquency petition was timely filed. He argues, in effect, that the evidence supports a reasonable conclusion that he had completed the full probationary period prior to the commencement of the revocation proceedings. The record is confusing in this regard. It shows that in case no. CC-85-182 the order tolling probation was filed on January 10, 1991. If this is true, the revocation proceedings were commenced well after the three-year probationary period had expired, and the trial court would lack jurisdiction to entertain such proceedings. In case no. CC-85-183, the record shows that probation was tolled on April 4, 1988. We find merit in the appellant’s contention, and remand this case to the trial court with instructions to conduct a hearing to specifically determine the timeliness of the revocation proceedings.
III.
Finally, the appellant contends that the trial court erred in failing to enter a written statement detailing the evidence relied upon and setting out the reasons for revoking his probation as required by Armstrong v. State, 294 Ala. 100, 312 So.2d 620 (1975). We find merit in this contention and, on authority of Ex parte Helton, 578 So.2d 1379 (Ala.1990), remand this case to the trial court for the purpose of entering a written statement as required by Armstrong. The failure of the appellant to raise this issue in the court below is no bar to his raising it on appeal. Ex parte Hel-ton.
*661 For the above reasons, we remand this case to the trial court with instructions to conduct further proceedings as directed in part II above, and to enter written findings as directed in part III. The trial court shall take all necessary action in sufficient time to permit the circuit clerk to make a proper return to this court at the earliest possible time within 60 days of the date of this opinion.
REMANDED WITH INSTRUCTIONS.
All Judges concur.