ON RETURN TO REMAND
PATTERSON, Presiding Judge.
On December 27, 1991, we remanded this case to the trial court with instructions that that court conduct a hearing to determine the timeliness of the probation revocation proceedings and enter a written statement detailing the evidence relied upon and the reasons for revoking probation, 592 So.2d 659 (Ala.Cr.App.1991), as required by Armstrong v. State, 294 Ala. 100, 312 So.2d 620 (1975).
The trial court has filed a return to our remand, which shows that it has fully complied with our instructions. The trial court, after a hearing, found that the probation revocation proceedings were timely instituted and, in its order of January 17, 1992, set out the evidence relied upon and the reasons for revoking probation. The reason for revocation was that the evidence showed that Brown, after being placed on probation, committed another crime — theft of property— and was found guilty after a jury trial. We concur in the court’s findings and the revocation of probation. The judgment below is due to be affirmed.
AFFIRMED.
All Judges concur.