This is an appeal from an order of the Blount County Circuit Court revoking the appellant's probation.
In March 1987, the appellant was convicted of murder and was sentenced to a term of ten years' imprisonment. This sentence was suspended, and the appellant was placed on five years' probation. On September 30, 1988, probation officer Gloria Page filed a report stating that the appellant had violated the terms and conditions of his probationary sentence by engaging in "injurious and vicious behavior." Specifically, the appellant, on two separate occasions, physically assaulted Bobbie Janel Lowe, and he was also believed to have stolen and burned a car belonging to the Jefferson County Sheriff's Department. Ms. Page recommended that the court issue a probation violation writ declaring the appellant delinquent and revoking his probation.
On December 9, 1988, probation officer Hank Boyd also filed a "delinquent probationer" report against the appellant. Boyd's report alleged that, on December 5, 1988, the appellant was convicted in the Birmingham Municipal Court, under the name of Thomas Adams,[1] for DUI, driving with a revoked driver's license, and attempting to elude police.
On February 23, 1989, the appellant's probation revocation hearing was held in the Blount County Circuit Court. Prior to the beginning of this hearing, appellant's attorney moved that the three charges alleged in the report filed by Gloria Page be dismissed as unsubstantiated, and the trial court granted counsel's motion. Appellant's attorney also moved to dismiss the *Page 1378 
three grounds for revocation alleged in Hank Boyd's report, arguing that the convictions in Birmingham Municipal Court were against "Thomas Adams," and the trial court overruled this motion. After hearing the evidence presented by the parties, the trial court entered the following order:
 "This being the date heretofore set for hearing for determination of whether the probationary sentence heretofore entered on March 6, 1987 should be revoked for alleged violations. The defendant being present in open court with his attorney of record, Herb Sparks. After consideration of all the evidence heard ore tenus by this Court, it is the opinion of this Court that said defendant/probationer has violated the terms and conditions of his probation herein since being placed on probation and is not being rehabilitated as hoped or contemplated by the law, and therefore it is,
 "ORDERED that said defendant/probationer, Thomas Dean Helton, has violated the terms and conditions of his probation and that the probationary sentence be, and is hereby revoked and that said defendant serve his full sentence herein.
 "DONE and ORDERED this the 23rd day of February, 1989 at Oneonta, Alabama."
The appellant raises the following arguments in this appeal of his probation revocation: (1) that the State failed to meet its burden of proving his alleged probation violations; (2) that he was denied due process of law during his revocation hearing; (3) that the trial court's order was deficient, in that it failed to contain a written statement of the evidence relied on and the reasons for revocation of his probation, as required under Armstrong v. State, 294 Ala. 100,312 So.2d 620, 623 (1975); and (4) that the trial court improperly relied on his municipal court convictions, which were obtained pursuant to guilty pleas, as the basis for the revocation of his probation, absent a showing that he either had counsel or had waived his right to counsel when the pleas were entered.
Initially, we note that the appellant clearly failed to raise at his probation revocation hearing the first three issues that he now advances on appeal. Therefore, these issues are not preserved for our review. Salter v. State,470 So.2d 1360, 1362 (Ala.Cr.App. 1985); Luckie v. State,55 Ala. App. 642, 645, 318 So.2d 337, cert. denied, 294 Ala. 764,318 So.2d 341 (1975).
Appellant's final issue is likewise not properly before this Court. During appellant's probation revocation hearing, the prosecution offered into evidence certified copies of appellant's municipal court convictions, whereupon counsel made the following objection:
 "MR. SPARKS: We object to these convictions. These convictions are in the name of Thomas Adams and no predicate has been laid. These convictions are unsubstantiated."
Shortly thereafter, counsel renewed his objection, stating as follows:
 "MR. SPARKS: We would further object to Charges 4, 5, and 6 in that these convictions are in the name of Thomas Adams and are not sufficient to revoke [the appellant's] probation.
"THE COURT: Overruled."
On appeal, however, the appellant contends that these convictions were inadmissible as evidence because they were the result of guilty pleas and because the record does not affirmatively show that he was represented by counsel or that he waived the right to counsel at the time the guilty pleas were entered.
"It is well settled that all grounds not specified are waived and that the trial court will not be placed in error on grounds not raised at trial. Blackmon v. State, 449 So.2d 1264
(Ala.Crim.App. 1984); Hughes v. State, 412 So.2d 296
(Ala.Crim.App. 1982); Wyrick v. State, 409 So.2d 969
(Ala.Cr.App. 1981); C. Gamble, McElroy's AlabamaEvidence, § 426.01(11) (3rd ed. 1977)." Saffold v.State, 485 So.2d 806, 807 (Ala.Cr.App. 1986). Specific grounds of objection waive all grounds not specified.Breedlove v. State, 482 So.2d 1277 (Ala.Cr.App. 1985). Because the argument now raised by the appellant was not raised before *Page 1379 
the trial court, it is not preserved for our review.
The judgment is affirmed due to a procedural bar.
AFFIRMED.
All Judges concur.
[1] The record is somewhat confusing as to what name the appellant was actually convicted under. In each of the three convictions, the Uniform Traffic Ticket and Citation was issued against "Thomas Adams." The certified records of the Birmingham Municipal Court that were filed with the trial court, however, are all styled "City of Birmingham v. Thomas DeanHelton."