Thomas Dean Helton was convicted of murder and was sentenced to 10 years in the state penitentiary. His sentence was suspended and he was given five years of probation.
Subsequently, on February 23, 1989, the State filed a motion to revoke Helton's probation for alleged violations of the terms of his probation. Following a hearing on the motion, the trial court revoked Helton's probation. The Court of Criminal Appeals affirmed that action, with an opinion, 578 So.2d 1377, and this Court granted certiorari review. We now reverse and remand.
The issues are whether the trial court's order revoking Helton's probation complied with the requirements ofArmstrong v. State, 294 Ala. 100, 312 So.2d 620
(1975), and whether it was error for the trial court to consider a DUI conviction where there was allegedly no showing that Helton was represented by counsel or that he had waived the right to counsel.
The trial court's order revoking probation read as follows:
 "This being the date heretofore set for hearing for determination of whether the probationary sentence heretofore entered on March 6, 1987, should be revoked for alleged violations. The defendant being present in open court with his attorney of record, Herb Sparks. After consideration of all the evidence heard ore tenus by this Court, [it] is the opinion of this Court that said defendant/probationer has violated the terms and conditions of his probation herein since being placed on probation and is not being rehabilitated as hoped or contemplated by the law, and therefore it is,
 "ORDERED that said defendant/probationer, Thomas Dean Helton, has violated the terms and and conditions of his probation and that the probationary sentence be, and [it] is hereby revoked *Page 1380 
and that said defendant serve his full sentence. . . .
 "DONE and ORDERED this the 23rd day of February, 1989 at Oneonta, Alabama."
In Armstrong, this Court held that when revoking probation, the trial judge must enter a written statement detailing the evidence relied upon and setting out the reasons for such revocation. Here, the order does not indicate what evidence the judge based his decision upon or otherwise provide the reasons for the revocation; therefore, the trial judge erred.
The second issue raised by Helton, relating to the DUI conviction, was not properly raised at trial and thus, was not preserved for review. Salter v. State, 470 So.2d 1360,1362 (Ala.Cr.App. 1975).
REVERSED AND REMANDED.
HORNSBY, C.J., and JONES, ALMON, ADAMS, HOUSTON and STEAGALL, JJ., concur.
MADDOX, J., dissents.