ON RETURN TO REMAND
McMILLAN, Judge.
This cause was remanded for the trial court to determine the reason for the appellant’s absence from a probation revocation hearing held on January 18, 1991, and for an inquiry into whether the notice requirement of Armstrong v. State, 294 Ala. 100, 312 So.2d 620 (1975), had been met. In the order for remand, at the conclusion of our original opinion, we instructed the trial court to determine whether the “minimum due process requirements” of Armstrong v. State, supra, were met. However, the appellant alleged only that the State had failed to meet the notice requirement, and only that specific allegation was addressed in our original opinion.
On remand, although the trial court was instructed to conduct a hearing to determine whether the notice requirement was violated and the reason for the appellant’s absence at the first revocation hearing, because the appellant was present at the hearing on remand, the trial court decided to begin anew and conduct another probation revocation hearing. The trial court’s return indicates that on November 5, 1991, the court conducted a revocation hearing, during which the appellant, in the presence of her attorney, confessed that she had been convicted of a subsequent theft offense. The trial court found that the commission of the new offense violated a probation condition, i.e., that she was to obey all municipal, state, and federal laws. Therefore, because the revocation as a result of the second hearing was proper, any error committed during the first probation revocation hearing would have been harmless. Rule 45, A.R.App.P.
The appellant did not allege that the trial court failed to satisfy her minimum due process requirements by failing to include written findings of fact as to the evidence relied on and the reasons for revoking the appellant’s probation. Ex parte Helton, 578 So.2d 1379 (Ala.1990) (wherein the majority opinion does not address the matter of preservation as to this issue, but the dissenting opinion, authored by Justice Maddox, points out that the defendant failed to object on this ground.) But see Rule 45B, Alabama Rules of Appellate Procedure; Biddie v. State, 516 So.2d 847 (Ala.Cr.App.1987) (“Rule 45B did not remove the necessity of an objection before the alleged error could be reached on appeal. The Court of Criminal Appeals’ opinion cites no Alabama cases and we find no support for the proposition that this rule removes the requirement in non-capital cases.” Id. at 847). However, we note that the original order revoking probation states:
“(2) Defendant was fully advised of the terms and conditions of her probation;
“(3) Included among those terms and conditions was that she obey all municipal, state, and federal laws;
“(4) While on probation, the Defendant has failed to abide by the terms and conditions of her probation in that she committed the new offense of theft of property, second degree.
“(5) That on January 18, 1991, a hearing was held, at which time the Court heard testimony from Betty Branning of Sears that the Defendant was observed stealing items from Sears on December 26, 1990.
“The Court is, therefore, reasonably satisfied from said evidence and testimony that the Defendant did violate the terms and conditions of her probation by committing the new offense of theft of property, second degree.”
The order following the second hearing on the appellant’s revocation of probation included the following:
“(2) Defendant was fully advised of the terms and conditions of her probation;
“(3) Included among those terms and conditions was that she obey all municipal, state, and federal laws;
“(4) While on probation, the Defendant has failed to abide by the terms and *1085 conditions of his [sic] probation in that she committed the new offense of theft of property;
“(5) That on November 5,1991, a hearing was held, at which time the Court heard the following pertinent testimony: The Defendant confessed the revocation in that she has already been convicted of a subsequent theft offense and which sentencing is running concurrent with the probation revocation.
“The Court is, therefore, reasonably satisfied from said evidence and testimony that the Defendant did violate the terms and conditions of her probation by committing a new offense against the State of Alabama, specifically, theft of property.”
The trial court’s order revoking probation satisfied the minimal requirements of due process as enunciated in Morrissey v. Brewer, 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972), and Gagnon v. Scarpelli, 411 U.S. 778, 93 S.Ct. 1756, 36 L.Ed.2d 656 (1973).
AFFIRMED.
All the Judges concur.