The appellant, Claude Wesley Gates, appeals from the revocation of his probation. He pleaded guilty to the offense of possession of a forged instrument in the second degree on October 22, 1991. He was sentenced as a habitual offender to 10 years' imprisonment. His sentence was suspended and he was placed on probation for five years. On December 2, 1992, his probation was revoked. This appeal is from that revocation.
Counsel for the appellant has filed a brief in substantial compliance with Anders v. California, 386 U.S. 738,87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), in which he states that *Page 720 
he can find no issue that merits reversal. He has also filed a motion to withdraw as counsel.
In the alternative, appellant's counsel argues that the appellant's probation revocation hearing and the order in support of the revocation did not comply with due process requirements. In Ex parte Helton, 578 So.2d 1379 (Ala. 1990), the Alabama Supreme Court, reversing this court's judgment inHelton v. State, 578 So.2d 1377 (Ala.Cr.App. 1989), implicitly held that issues concerning the necessity for due process at probation revocation hearings did not have to be preserved to merit appellate review. This court will therefore review issues concerning the due process requirements for the revocation of probation without requiring that an objection be made in the circuit court. Story v. State, 572 So.2d 510 (Ala.Cr.App. 1990).
The minimal due process requirements for the revocation of parole were set forth in Morrissey v. Brewer, 408 U.S. 471,92 S.Ct. 2593, 33 L.Ed.2d 484 (1972), and were extended to the revocation of probation in Gagnon v. Scarpelli, 411 U.S. 778,93 S.Ct. 1756, 36 L.Ed.2d 656 (1973). See also Armstrong v.State, 294 Ala. 100, 312 So.2d 620 (1975). These requirements are as follows: (1) written notice of the violation, (2)disclosure of the evidence against the probationer, (3) the opportunity to be heard and to present witnesses and evidence, (4) the opportunity to confront and to cross-examine adversewitnesses, (5) a hearing before a neutral and detached body, and (6) a written statement by the factfinder as to the evidence relied on and the reasons for revoking probation.
Although the trial court gave as its reason for revoking the appellant's probation that he had, during his probationary period, been arrested and indicted in Georgia, there is no evidence in the record, other than inadmissible hearsay, to show that the appellant was, in fact, arrested and indicted in Georgia. Hearsay cannot be the sole basis for revoking an individual's probation. Williams v. State, 557 So.2d 857
(Ala.Cr.App. 1990). The appellant admitted at the hearing that he had been arrested in Georgia; however, a "mere arrest" or the filing of charges is an insufficient basis for revoking probation. Roberson v. State, 572 So.2d 1323 (Ala.Cr.App. 1990).
The only evidence presented at the hearing was the appellant's testimony and a copy of the probation officer's report. The report provided information about the appellant's arrest and indictment in Georgia, but this information was entirely hearsay. The appellant contended that all charges against him in Georgia had been dropped. The court ended the hearing by telling the appellant: "We are going to check and see what happened over in Atlanta, and then I will make my mind up about this."
The court's entire order revoking the appellant's probation reads as follows:
 "The Court's investigation reveals that the defendant has been indicted in Fulton County, Georgia for possession of cocaine, that he failed to appear at arraignment and a bench warrant has been issued for his arrest. The indictment and arrest is a violation of his probation and it is ordered that his probation is revoked."
The evidence revealed by the investigation and upon which the court relied in revoking the appellant's probation is not in the record. The appellant's hearing failed to meet the requirements of Morrissey and Gagnon because the evidence against the appellant was not disclosed to him and he was not given the opportunity to confront and cross-examine adverse witnesses. The evidence used against the appellant was not presented at a hearing. The court made an ex parte finding that the appellant had violated his probation. The appellant is entitled to another hearing that complies with the due process requirements.
For the above-stated reasons, the judgment in this case is reversed and the cause remanded to the Circuit Court for Montgomery County for further proceedings not inconsistent with this opinion.
REVERSED AND REMANDED.
All the Judges concur. *Page 721