The appellant, Jerry Anthony Chasteen, appeals from the revocation from his probation. He pleaded guilty on July 28, 1992, to theft of property in the first degree and to attempted theft of property in the first degree. The appellant was sentenced as a habitual felony offender to 15 years in prison for each offense, those sentences to be served concurrently. His sentence was suspended and he was placed on probation for 3 years. On September 22, 1993, his probation was revoked. This appeal is from the revocation of appellant's probation.
The appellant contends that his due process rights were violated because the trial court failed to make written findings regarding the reasons it relied upon in revoking his probation. The state contends that this issue was not preserved for our consideration because no objection was made to the trial court. This very issue was recently addressed inGates v. State, 629 So.2d 719, 720 (Ala.Cr.App. 1993). We stated:
 "In Ex parte Helton, 578 So.2d 1379 (Ala. 1990), the Alabama Supreme Court, reversing this court's judgment in Helton v. State, 578 So.2d 1377
(Ala.Cr.App. 1989), implicitly held that issues concerning the necessity for due process at probation revocation hearings did not have to be preserved to merit appellate review. This court will therefore review issues concerning the due process requirements for the revocation of probation without requiring that an objection be made in the circuit court. Story v. State, 572 So.2d 510 (Ala.Cr.App. 1990).
The United States Supreme Court in Morrissey v. Brewer,408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972), set forth the minimal due process requirements that must be met before an individual's parole may be revoked. These rights were extended to the revocation of probations in Gagnon v. Scarpelli,411 U.S. 778, 93 S.Ct. 1756, 36 L.Ed.2d 656 (1973). These due process requirements are as follows: (1) written notice of the violation, (2) disclosure of the evidence against the probationer, (3) the opportunity to be heard and to present witnesses and evidence, (4) the opportunity to confront and to cross-examine adverse witnesses, (5) a hearing before a neutral and detached body, and (6) a *Page 319 written statement by the factfinder as to the evidence reliedon and the reasons for revoking probation. Gagnon.
These rights have not been abridged and must be ensured.Grimes v. State, 579 So.2d 693 (Ala.Cr.App. 1991). "The written statement of the reasons relied upon ' "relates to a matter of substance and not mere form." Carter v. State, 389 So.2d 601
(Ala.Cr.App. 1980).' " Grimes, 579 So.2d at 694. Thus, on the authority of Morrissey and Gagnon this cause is remanded to the Circuit Court for Morgan County so that that court can furnish the appellant with "written findings as to the evidence it relied on and the reasons for revoking the appellant's probation." Due return should be filed with this court no later than 45 days from the date of this opinion.
REMANDED WITH DIRECTIONS.
All the Judges concur.