In 1988, the appellant, Paul Henry, pleaded guilty to three charges of theft of property in the second degree. He was sentenced in each case to 15 years' imprisonment; those sentences were split 2 years in prison and the remainder of the sentence was suspended and he was placed on 5 years' probation. All of the sentences were to run concurrently. *Page 45 
On March 10, 1993, his probation officer filed a delinquency report, based upon the appellant's alleged repeated failure to report as directed. On April 15, 1993, the appellant was arrested and placed in jail, and on May 21, 1993, his probation was revoked.
The appellant contends that he was denied due process because, he says, the trial court failed to comply with Rule 27.5(a)(1), (a)(4), and (b); and Rule 27.6(a), (e) and (f), A.R.Cr.P.
In Taylor v. State, 600 So.2d 1080 (Ala.Cr.App. 1992), this Court held that "the general rules regarding preservation should apply to rights granted to a probationer by Armstrong[v. State, 294 Ala. 100, 312 So.2d 620 (1975)] and Rule 27.5 and 27.6." Here, the appellant failed to raise any of his claims at the trial court level; therefore, consideration of his claims based on Rule 27.5 and 27.6(a) and (e) is procedurally barred on appeal. However, with regard to his claim that the trial court erred in failing to make a written statement as to the reasons for revoking his probation and the evidence it relied upon, as required by Rule 27.6(f), this Court has said that "we may not rely upon procedural bar on this particular issue." 600 So.2d at 1082.
Therefore, this cause must be remanded to the circuit court of Jefferson County, in order for that court to file a written statement as to the specific reasons for revoking the appellant's probation and the evidence relied upon in reaching the decision to revoke. A return is to be filed with this Court within 90 days of the release of this opinion.
REMANDED WITH INSTRUCTIONS.
All Judges concur.