680 So.2d 980 (1996)
Jeffrey Lane PUCKETT
v.
STATE.
CR-94-2059.
Court of Criminal Appeals of Alabama.
March 8, 1996.
Rehearing Denied April 19, 1996.
Certiorari Denied August 30, 1996.
*981 F. David Lowery, Russellville, for Appellant.
Jeff Sessions, Atty. Gen., and Lynda K. Oswald, Asst. Atty. Gen., for Appellee.
Alabama Supreme Court 1951322.
LONG, Judge.
The appellant, Jeffrey Lane Puckett, appeals from an order of the trial court revoking his probation. The appellant was convicted of burglary in the second degree and was sentenced to four years in a "reverse split" sentencewith three years on probation followed by one year in confinement. The trial court subsequently revoked the appellant's probation and ordered him to serve the entire four-year sentence in confinement.
In its order revoking the appellant's probation, the trial court found that the appellant had violated the terms of his probation in that he had been arrested for and charged with numerous crimes in Mississippi. The trial court in its order stated that it based its finding on the testimony at the revocation hearing of the arresting officer as to the facts surrounding the crimes charged. These facts were also set out in the probation officer's delinquency report. The appellant raises two issues on appeal.

I.
The appellant contends that there was insufficient evidence to support revocation of his probation and specifically asserts that the arresting officer's testimony and the probation officer's delinquency report consisted primarily of hearsay.
"[T]he law is clear that the formality and evidentiary standards of a criminal trial are not required in parole revocation hearings. Thompson v. State, 356 So.2d 757 (Ala.Cr.App.1978), Armstrong v. State, 294 Ala. 100, 312 So.2d 620 (1975). Hearsay evidence may be admitted in the discretion of the court, though ... hearsay evidence cannot be the sole support for revoking *982 probation. Mitchell v. State, 462 So.2d 740 (Ala.Cr.App.1984)."
Ex parte Belcher, 556 So.2d 366, 368 (Ala. 1989).
At the revocation hearing, Deputy Steven Vataloro of the Tishomingo County Sheriffs Department in Iuka, Mississippi, testified that in the early morning hours of June 5, 1995, he responded to a burglary call at a residence in Tishomingo County. Deputy Vataloro was told that a burglar wearing a mask and carrying a pistol had entered the house and had forced two occupants out of the house at gunpoint. Shortly after Deputy Vataloro's arrival, one of those occupants returned to the house and told Deputy Vataloro that the burglar had been struck in the head with a hoe and that he was in the nearby woods. Deputy Vataloro testified that he subsequently found the appellant walking along a road near the burglarized house, and that the appellant had a deep cut on the side of his head. He further testified that when he approached the appellant, the appellant told him that he had been hit in the head with a hoe. Deputy Vataloro stated that the three occupants of the house later said that they recognized the appellant as the burglar. He further testified that he found a ski mask, a hockey mask, and a pistol in the appellant's car. The appellant was arrested and charged with burglary, attempted robbery, aggravated assault, and possession of a firearm by a felon.
"It is not necessary in a probation revocation hearing to provide proof beyond a reasonable doubt or by a preponderance of the evidence. Rather, the lower court need only be `reasonably satisfied from the evidence that the probationer has violated the conditions of his probation.'" Mitchell v. State, 462 So.2d 740, 742 (Ala.Cr.App.1984). We find that the trial court did not rely on hearsay alone in determining that the appellant had committed the crimes in Mississippi; there was considerable nonhearsay testimony from Deputy Vataloro as to the facts of the appellant's crimes that corroborated the hearsay evidence relating to the crimes, and that there was enough evidence to reasonably satisfy the trial court that the appellant had violated the terms of his probation.

II.
The appellant contends that the trial court did not comply with the due process requirements of Morrissey v. Brewer, 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972); Gagnon v. Scarpelli, 411 U.S. 778, 93 S.Ct. 1756, 36 L.Ed.2d 656 (1973); Armstrong v. State, 294 Ala. 100, 312 So.2d 620 (1975); and Rule 27.5(a)(1), Ala.R.Crim.P. Specifically, he maintains that he was not provided with a written copy of the alleged probation violations before the revocation hearing. The appellant failed to preserve this issue for our review, because he did not present this issue to the trial court.
In Morrissey, supra, the United States Supreme Court set forth the minimum constitutional requirements that must be met before parole may be revoked:
"(a) written notice of the claimed violations of parole; (b) disclosure to the parolee of evidence against him; (c) opportunity to be heard in person and to present witnesses and documentary evidence; (d) the right to confront and cross-examine adverse witnesses (unless the hearing officer specifically finds good cause for not allowing confrontation); (e) a `neutral and detached' hearing body such as a traditional parole board, members of which need not be judicial officers or lawyers; and (f) a written statement by the factfinders as to the evidence relied on and reasons for revoking parole."
Morrissey, 408 U.S. at 489, 92 S.Ct. at 2604. The United States Supreme Court extended these rights to probationers in probation revocation proceedings in Gagnon, supra, and the Alabama Supreme Court applied these principles in Armstrong, supra. The procedures for probation revocation proceedings set out in Rule 27.5 and Rule 27.6, Ala. R.Crim.P., are intended to comply with the due process requirements of Morrissey and Gagnon. The present case presents us with the question of whether claims arising out of these due process requirements can be waived.
In Taylor v. State, 600 So.2d 1080 (Ala.Cr. App.1992), the appellant alleged that the trial *983 court, in revoking his probation, had failed to comply with the procedures in Rule 27.5 and Rule 27.6, Ala.R.Crim.P. This court stated:
"The appellant, however, failed to present any of these issues [concerning noncompliance with Rule 27.5 and 27.6] to the trial court. We find no cases other than Ex parte Helton, 578 So.2d 1379 (Ala. 1990), and Story v. State, 572 So.2d 510 (Ala.Cr.App.1990), which stand for the proposition that the trial court's compliance with Armstrong v. State, 294 Ala. 100, 312 So.2d 620 (1975), and Rules 27.5 and 27.6 is not waivable; therefore, the general rules regarding preservation should apply to rights granted to a probationer by Armstrong and Rule 27.5 and 27.6. `It is for the trial court ... to consider and correct, in the first instance, any error which may have been committed or any deficiency in the proceedings.' Willis v. State, 500 So.2d 1324 (Ala.Cr.App.1986). Even constitutional issues may be waived on appeal if not presented to the trial court. Crosslin v. State, 540 So.2d 98 (Ala.Cr.App. 1988); Cagle v. State, 504 So.2d 1225 (Ala. Cr.App.1987); Andersen v. State, 418 So.2d 967 (Ala.Cr.App.1982); Moore v. State, 415 So.2d 1210 (Ala.Cr.App.), cert, denied, 459 U.S. 1041, 74 L.Ed.2d 610, 103 S.Ct. 459 (1982). Therefore, we hold that because the appellant failed to present the foregoing issues to the trial court, they are procedurally barred. Stanley v. State, 579 So.2d 19, 20 (Ala.Cr.App.1990) (failure to object to trial court's taking notice of probation contract in court file waived issue on appeal); Maul v. State, 531 So.2d 35, 36 (Ala.Cr.App.1987) (`matters not objected to are not preserved for review"); Salter v. State, 470 So.2d 1360, 1362 (Ala.Cr.App. 1985) (failure to object to certified copy of conviction at probation revocation hearing waived issue on appeal); cf. Ex parte Brown, 540 So.2d 740 (Ala.1989) (trial court's failure to comply with A.R.Juv.P. 24 waived by failure to object)."
600 So.2d at 1081 (footnote omitted).
One of the specific allegations in Taylor was that Taylor was not furnished with a written copy of the alleged probation violation before the hearing; the appellant makes the same allegation in this case. See Rule 27.5(a)(1) (embodying this requirement of Morrissey and Gagnon). Although Taylor's claim was constitutional, we nonetheless found in Taylor that it was subject to the general rules regarding preservation and, therefore, held that Taylor's claim was procedurally barred, because it was raised for the first time on appeal.
This court noted in a footnote in Taylor:
"While Ex parte Helton [578 So.2d 1379 (Ala.1990) ] implies that the requirement that the trial court state the reasons and the evidence relied upon for revocation is not waivable because of the lack of an objection, the Alabama Supreme Court neither specifically addressed preservation, nor extended its holding to other Armstrong requirements, which are now embodied in Rules 27.5 and 27.6. In Story [v. State, 572 So.2d 510 (Ala.Cr.App.1990) ], this court held that the appellant did not waive his right to a revocation hearing by failing to object."
600 So.2d at 1081 n. 1. Since our decision in Taylor, this court has recognized, in probation revocation proceedings, only two exceptions to the general rule that issues not presented to the trial court are waived on appeal: (1) the requirement that there be an adequate written order of revocation (see Rule 27.6(f), Ala.R.Crim.P.), as was the situation in Ex parte Helton, 578 So.2d 1379 (Ala.1990), and (2) the requirement that a revocation hearing actually be held (see Rule 27.6(a), Ala.R.Crim.P.), as was the situation in Story v. State, 572 So.2d 510 (Ala.Cr.App. 1990). We have consistently held that other claimseven those raising constitutional issuesare waivable. See, e.g., Henry v. State, 675 So.2d 44, 45 (Ala.Cr.App.1994); Harrelson v. State, 651 So.2d 1151,1152 (Ala. Cr.App.1994); Woodberry v. State, 625 So.2d 1159, 1162 (Ala.Cr.App.1993); and Miller v. State, 611 So.2d 434, 435 (Ala.Cr.App.1992).
Justice Maddox, in his dissent in Ex parte Helton, stated that the majority's determination in Helton that it was unnecessary for Helton to object in the trial court in order to preserve for appellate review the alleged inadequacy of the trial court's written order of revocation was apparently based on the majority's *984 agreement with Helton's argument that he could not be required to object in the trial court to the inadequacy of the court's written revocation order when that order was not entered until after his revocation hearing. See Ex parte Helton, 578 So.2d at 1380 (Maddox, J., dissenting). Presumably, the impediment to raising an objection to an inadequate written revocation order in the trial court is further enlarged by the fact that the Alabama Rules of Criminal Procedure contain no specific provision for postjudgment motions in a probation revocation proceeding (although Justice Maddox indicated in his dissent in Helton that he believed a party could avail himself of TempAla. R.Crim.P. 13now Rule 24, Ala.R.Crim.P. to file a post-hearing motion objecting to an allegedly inadequate written order of revocation).
This court's holding in Story that a probationer is not precluded from raising for the first time on appeal the claim that probation was improperly revoked without a revocation hearing is based on the principle that a hearing is mandatory and confers jurisdiction on the trial court, and that, therefore, an order of revocation entered without a hearing is void and may be attacked at any time. See Story, 572 So.2d at 510. Moreover, the difficulty of raising an objection for the record where one's probation has been revoked without a hearing is obvious. However, the impediments to a defendant's raising, in the trial court, an objection to the inadequacy of a written order of revocation or to the trial court's failure to hold a revocation hearing simply do not present themselves in the case of the other due process requirements of Morrissey and Gagnon or Rule 27.5 and Rule 27.6, Ala.R.Crim.P., and the trial court's or the state's alleged failure to comply with these other due process requirements may readily be objected to before or during the course of a revocation hearing.
The numerous recent cases where this court has made an exception to the general rules of preservation and remanded a case to the trial court when the issue of noncompliance with the requirements of Morrissey and Gagnon or Rule 27.5 and Rule 27.6 was raised for the first time on appeal have been limited to instances involving inadequate written orders of revocation. See, e.g., Wilson v. State, 659 So.2d 970 (Ala.Cr.App.1994); T.H.B. v. State, 649 So.2d 1323 (Ala.Cr.App. 1994). The appellant's claim that he was not provided with a written copy of the alleged violations before his hearing does not fit this exception and for the reasons stated above, we decline to carve out another exception. Therefore, the appellant's claim is not preserved for our review.
For the reasons stated above, the judgment of the trial court is affirmed.
AFFIRMED.
All judges concur, except Taylor, P.J., who dissents with opinion.
TAYLOR, Presiding Judge, dissenting.
I dissent from the majority's holding that the appellant's claim that he was not given written notice of his probation violation was not preserved for appellate review because it is being raised for the first time on appeal. This is contrary to long-established precedent.
The United States Supreme Court in Morrissey v. Brewer, 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972), and Gagnon v. Scarpelli, 411 U.S. 778, 93 S.Ct. 1756, 36 L.Ed.2d 656 (1973), set forth the minimal constitutional requirements a probationer must be afforded before probation may be revoked. Those rights include: 1) written notice of the claimed violations, 2) disclosure to the probationer of the evidence against him, 3) an opportunity to be heard in person and to present witnesses, 4) the right to confront and cross-examine adverse witnesses, 5) the right to a neutral and detached hearing body, and 6) a written statement by the factfinder of the evidence relied on for revoking probation.
As this court stated in Chasteen v. State, 652 So.2d 318, 318-19 (Ala.Cr.App.1994):
"The appellant contends that his due process rights were violated because the trial court failed to make written findings regarding the reasons it relied upon in revoking his probation. The state contends that this issue was not preserved for our consideration because no objection was *985 made to the trial court. This very issue was recently addressed in Gates v. State, 629 So.2d 719, 720 (Ala.Cr.App.1993). We stated:
"`In Ex parte Helton, 578 So.2d 1379 (Ala.1990), the Alabama Supreme Court, reversing this court's judgment in Helton v. State, 578 So.2d 1377 (Ala.Cr.App. 1989), implicitly held that issues concerning the necessity for due process at probation revocation hearings did not have to be preserved to merit appellate review. This court will therefore review issues concerning the due process requirements for the revocation of probation without requiring that an objection be made in the circuit court. Story v. State, 572 So.2d 510 (Ala.Cr.App.1990).'
"The United States Supreme Court in Morrissey v. Brewer, 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972), set forth the minimal due process requirements that must be met before an individual's parole may be revoked. These rights were extended to the revocation of probations in Gagnon v. Scarpelli, 411 U.S. 778, 93 S.Ct. 1756, 36 L.Ed.2d 656 (1973). These due process requirements are as follows: (1) written notice of the violation, (2) disclosure of the evidence against the probationer, (3) the opportunity to be heard and to present witnesses and evidence, (4) the opportunity to confront and to cross-examine adverse witnesses, (5) a hearing before a neutral and detached body, and (6) a written statement by the factfinder as to the evidence relied on and the reasons for revoking probation. Gagnon."
This same issue was addressed by this court and resolved in Chasteen and Gates v. State, 629 So.2d 719, 720 (Ala.Cr.App.1993). The Alabama Supreme Court in Chasteen and Gates denied certiorari review, without opinion. Chasteen v. State, [Ms. 1931566, December 9, 1994] ___ So.2d ___ (Ala.1994) (table), and Gates v. State, [Ms. 1921686, November 12, 1993] ___ So.2d ___ (Ala. 1993) (table). But see King v. State, 677 So.2d 1278 (Ala.Cr.App.1996) (Taylor, P.J., dissenting). A violation of the due process guarantees of Morrissey and Gagnon does not have to be preserved to merit appellate review. Because I believe that this issue does not have to be preserved for appellate review, I must dissent.