677 So.2d 1278 (1996)
Daryl Glen KING
v.
STATE.
CR-94-2024.
Court of Criminal Appeals of Alabama.
March 8, 1996.
Thomas O. Bear, Foley, for Appellant.
Jeff Sessions, Atty. Gen., and Carol Smith, Asst. Atty. Gen., for Appellee.
COBB, Judge.
The appellant, Daryl Glen King, appeals from an order of the trial court revoking his probation. The appellant appeared at his probation revocation hearing and admitted that he had violated the terms of his parole. He alleges on appeal that he was denied due process because, he says, he was not given notice of his alleged probation violations before his probation revocation hearing. The appellant raises this issue for the first time on appeal.
A probationer's failure to object at the trial level to his failure to receive prior notice of his alleged probation violations is addressed by this court in Puckett v. State, [Ms. CR-95-2059, March 8, 1996] ___ So.2d ___ (Ala.Cr.App.1996). In Puckett, this court noted that the minimum due process requirements for revocation of a parolee's parole set out in Morrissey v. Brewer, 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972) and applicable to probationers in probation revocation proceedings, see Gagnon v. Scarpelli, 411 U.S. 778, 93 S.Ct. 1756, 36 L.Ed.2d 656 (1973), include written notice to the probationer of the claimed violations of probation before the probation hearing. The Alabama Supreme Court applied these requirements in Armstrong v. State, 294 Ala. 100, 312 So.2d 620 (1975). Also, Rule 27.5 and Rule 27.6, Ala. R.Crim.P., set out the procedure for probation revocation, which is intended to comply with these due process requirements.
In Puckett, the appellant alleged that the trial court erred in revoking his probation because he was not provided with a written copy of the alleged probation violations before the revocation hearing. This court held, "The appellant failed to preserve this issue for our review, because he did not present this issue to the trial court." Puckett, supra. We went on to state:
"The numerous recent cases where this court has made an exception to the general rules of preservation remanded a case to the trial court when noncompliance with the requirements of Morrissey, and Armstrong, or Rule 27.5 and Rule 27.6 was raised for the first time on appeal have been limited to instances involving inadequate written orders of revocation. See, e.g., Wilson v. State, 659 So.2d 970 (Ala.Cr. App.1994); T.H.B. v. State, 649 So.2d 1323 (Ala.Cr.App.1994). [Puckett's] claim that he was not provided with a written copy of the alleged violations before his hearing does not fit this exception and for the reasons stated above, we decline to carve out another exception. Therefore, [Puckett's] claim is not preserved for our review."
Puckett, supra.
On the authority of Puckett v. State, [Ms. CR-95-2059, March 8, 1996] ___ So.2d ___ *1279 (Ala.Cr.App.1996) we hold that the appellant has waived appellate review of this issue because it was not raised before or during the probation revocation hearing.
The trial court's revocation of the appellant's probation is affirmed.
AFFIRMED.
All the Judges concur except TAYLOR, P.J., who dissents with opinion.
TAYLOR, Presiding Judge, dissenting.
I dissent from the majority's opinion in this case. It says that the appellant's claim that he was not given written notice of his probation violation was not preserved for appellate review because no objection was raised at trial. This is contrary to long-established precedent.
The United States Supreme Court in Morrissey v. Brewer, 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972), and Gagnon v. Scarpelli, 411 U.S. 778, 93 S.Ct. 1756, 36 L.Ed.2d 656 (1973), set forth the minimal constitutional requirements a probationer must be afforded before his probation may be revoked. Those rights include: 1) written notice of the claimed violations, 2) disclosure to the probationer of the evidence against him, 3) an opportunity to be heard in person and to present witnesses, 4) the right to confront and cross-examine adverse witnesses, 5) the right to a neutral and detached hearing body, and 6) a written statement by the factfinder of the evidence relied on for revoking probation.
As this court stated in Chasteen v. State, 652 So.2d 318, 318-19 (Ala.Cr.App.1994):
"The appellant contends that his due process rights were violated because the trial court failed to make written findings regarding the reasons it relied upon in revoking his probation. The state contends that this issue was not preserved for our consideration because no objection was made to the trial court. This very issue was recently addressed in Gates v. State, 629 So.2d 719, 720 (Ala.Cr.App.1993). We stated:
"`In Ex parte Helton, 578 So.2d 1379 (Ala.1990), the Alabama Supreme Court, reversing this court's judgment in Helton v. State, 578 So.2d 1377 (Ala.Cr.App. 1989), implicitly held that issues concerning the necessity for due process at probation revocation hearings did not have to be preserved to merit appellate review. This court will therefore review issues concerning the due process requirements for the revocation of probation without requiring that an objection be made in the circuit court. Story v. State, 572 So.2d 510 (Ala.Cr.App.1990).'
"The United States Supreme Court in Morrissey v. Brewer, 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972), set forth the minimal due process requirements that must be met before an individual's parole may be revoked. These rights were extended to the revocation of probations in Gagnon v. Scarpelli, 411 U.S. 778, 93 S.Ct. 1756, 36 L.Ed.2d 656 (1973). These due process requirements are as follows: (1) written notice of the violation, (2) disclosure of the evidence against the probationer, (3) the opportunity to be heard and to present witnesses and evidence, (4) the opportunity to confront and to cross-examine adverse witnesses, (5) a hearing before a neutral and detached body, and (6) a written statement by the factfinder as to the evidence relied on and the reasons for revoking probation. Gagnon."
This same issue was addressed by this court and resolved in Chasteen and Gates v. State, 629 So.2d 719, 720 (Ala.Cr.App.1993). The Alabama Supreme Court in both Chasteen and Gates denied certiorari review without opinion. See Chasteen v. State, 652 So.2d 319 (Ala.1994), and Gates v. State, 629 So.2d 719 (Ala.1993). A violation of the due process guarantees of Morrissey and Gagnon does not have to be preserved to merit appellate review. Because I believe that this issue does not have to be preserved for appellate review, I must dissent.
Furthermore, although the appellant admitted to violating the terms of his probation, this admission does not relieve the state from complying with the law as set forth in Gagnon, *1280 and Morrissey. See DuBoise v. State, 647 So.2d 79, 80 (Ala.Cr.App.1994).