I concur in the majority opinion with one exception. I dissent from that part of the majority's opinion holding that the appellant's claim that he was not given written notice of his probation violation was not preserved for appellate review because it is raised for the first time on appeal. This is contrary to long-established precedent.
The United States Supreme Court in Morrissey v. Brewer,408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972), and Gagnon v.Scarpelli, 411 U.S. 778, 93 S.Ct. 1756, 36 L.Ed.2d 656 (1973), set forth the minimal constitutional requirements a probationer must be afforded before his probation may be revoked. Those rights include: 1) written notice of the claimed violations, 2) disclosure to the probationer of the evidence against him, 3) an opportunity to be heard in person and to present witnesses, 4) the right to confront and cross-examine adverse witnesses, 5) the right to a neutral and detached hearing body, and 6) a written statement by the factfinder of the evidence relied on for revoking probation. As this court stated in Chasteen v.State, 652 So.2d 318, 318-19 (Ala.Cr.App. 1994):
 "The appellant contends that his due process rights were violated because the trial court failed to make written findings regarding the reasons it relied upon in revoking his probation. The state contends that this issue was not preserved for our consideration because no objection was made to the trial court. This very issue was recently addressed in Gates v. State, 629 So.2d 719, 720 (Ala.Cr.App. 1993). We stated:
 " 'In Ex parte Helton, 578 So.2d 1379 (Ala. 1990), the Alabama Supreme Court, reversing this court's judgment in Helton v. State, 578 So.2d 1377
(Ala.Cr.App. 1989), implicitly held that issues concerning the necessity for due process at probation revocation hearings did not have to be preserved to merit appellate review. This court will therefore review issues concerning the due process requirements for the revocation of probation without requiring that an objection be made in the circuit court. Story v. State, 572 So.2d 510 (Ala.Cr.App. 1990).'
 "The United States Supreme Court in Morrissey v. Brewer, 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972), set forth the minimal due process requirements that must be met before an individual's parole may be revoked. These rights were extended to the revocation of probations in Gagnon v. Scarpelli, 411 U.S. 778, 93 S.Ct. 1756, 36 L.Ed.2d 656 (1973). These due process requirements are as follows: (1) written notice of the violation, (2) disclosure of the evidence against the probationer, (3) the opportunity to be heard and to present witnesses and evidence, (4) the opportunity to confront and to cross-examine adverse witnesses, (5) a hearing before a neutral and detached body, and (6) a written statement by the factfinder as to the evidence relied on and the reasons for revoking probation. Gagnon."
This same issue was addressed by this court and resolved inChasteen and Gates v. State, 629 So.2d 719, 720
(Ala.Cr.App. 1993). The Alabama Supreme Court in Chasteen andGates denied certiorari review without opinion. Chasteen v.State [Ms. 1931566, December 9, 1994] ___ So.2d ___ (Ala. 1994) (table), and Gates v. State, [Ms. 1921686, November 12, 1993] ___ So.2d ___ (Ala. 1993) (table). But see King v. State,677 So.2d 1278 (Ala.Cr.App. 1996) (Taylor, P.J., dissenting), and Puckett v. State, [Ms. CR-94-2059, March 8, 1996] ___ So.2d ___ (Ala.Cr.App. 1996) (Taylor, P.J., dissenting). A violation of the due process guarantees of Morrissey and Gagnon does not have to be preserved to merit appellate review. Because I believe that this issue does not have to be preserved for appellate review, I must dissent. *Page 1278