TAYLOR, Presiding Judge,
concurring in part and dissenting in part.
I concur in part with the unpublished memorandum issued by the majority. However, I dissent from the majority’s holding that the issue whether the court failed to comply "with certain due process rights guaranteed a probationer by Morrissey v. Brewer, 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972), and Gagnon v. Scarpelli 411 U.S. 778, 93 S.Ct. 1756, 36 L.Ed.2d 656 (1973), was not preserved for review because no objection was made. I adhere to my dissent in Puckett v. State, [Ms. CR-94-2059, March 8, 1996] — So.2d — (Ala.Cr.App.1996), in which I stated my belief that the refusal of this court to review such an issue violates long established precedent.
The United States Supreme Court in Morrissey v. Brewer and Gagnon v. Scarpelli set forth the minimal constitutional requirements a probationer must be afforded before proba *834 tion may be revoked. There rights include: 1) written notice of the claimed violations, 2) the evidence against the probationer, 3) an opportunity to be heard in person and to present witnesses, 4) the right to confront and cross-examine adverse witnesses, 5) the right to a neutral and detached hearing body, and 6) a written statement of the evidence relied on and the reasons for revoking probation. This court stated in Chasteen v. State, 652 So.2d 318 (Ala.Cr.App.1994):
“The appellant contends that his due process rights were violated because the trial court failed to make written findings regarding the reasons it relied upon in revoking his probation. The state contends that this issue was not preserved for our consideration because no objection was made to the trial court. This very issue was recently addressed in Gates v. State, 629 So.2d 719, 720 (Ala.Cr.App.1993). We stated:
“ ‘In Ex parte Helton, 578 So.2d 1379 (Ala.1990), the Alabama Supreme Court, reversing this court’s judgment in Helton v. State, 578 So.2d 1377 (Ala.Cr.App.1989), implicitly held that issues concerning the necessity for due process at probation revocation hearings did not have to be preserved to merit appellate review. This court will therefore review issues concerning the due process requirements for the revocation of probation without requiring that an objection be made in the circuit court. Story v. State, 572 So.2d 510 (Ala.Cr.App.1990).’
“The United States Supreme Court in Morrissey v. Brewer, 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972), set forth the minimal due process requirements that must be met before an individual’s parole may be revoked. These rights were extended to the revocation of probations in Gagnon v. Scarpelli 411 U.S. 778, 93 S.Ct. 1756, 36 L.Ed.2d 656 (1973). These due process requirements are as follows: (1) written notice of the violation, (2) disclosure of the evidence against the probationer, (3) the opportunity to be heard and to present witnesses and evidence, (4) the opportunity to confront and to cross-examine adverse witnesses, (5) a hearing before a neutral and detached body, and (6) a written statement by the factfinder as to the evidence relied on and the reasons for revoking probation. Gagnon.”
Chasteen, 652 So.2d at 318-19.
This same issue was addressed by this court and resolved in Chasteen and Gates v. State, 629 So.2d 719, 720 (Ala.Cr.App.1993). The Alabama Supreme Court in Chasteen and Gates denied certiorari review without opinion. See King v. State, 677 So.2d 1278 (Ala.Cr.App.1996) (Taylor, P.J., dissenting). The due process guarantees of Morrissey and Gagñon do not have to be preserved to merit appellate review. Therefore, I must dissent.