McMILLAN, Presiding Judge.
This appeal arises from the revocation of C.A.’s probation by the Jefferson Circuit Court. On February 7, 2000, C.A. pleaded guilty as a youthful offender to a charge of second-degree robbery. He was placed on supervised probation for three years. The probation officer subsequently filed a delinquency report alleging that the appellant had failed to report as instructed. The trial court revoked the appellant’s probation on October 6, 2000, and sentenced him to three years’ imprisonment.
The appellant argues that his constitutional rights were violated because the revocation order did not state the evidence relied upon and because it did not list specific reasons for the revocation. It is well settled that the trial court must include in its order both the evidence relied upon and the reasons for revoking probation in order to satisfy due process requirements. Morrissey v. Brewer, 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972); Gagnon v. Scarpelli, 411 U.S. 778, 93 S.Ct. 1756, 36 L.Ed.2d 656 (1973); Armstrong v. State, 294 Ala. 100, 312 So.2d 620 (1975). A review of the revocation order in the present case reveals that the trial court made no specific findings of fact. Because the trial court’s order is deficient, we must remand this case to the trial court for that court to make written findings as to the evidence it relied on and its reasons for the revocation of C.A’s probation. Ex parte Helton, 578 So.2d 1379 (Ala.1990). Moreover, the State also requests us to remand this case because the record does not contain a transcript of the hearing, and such a transcript is necessary for a proper review on appeal.
Therefore, we remand this case to the Jefferson Circuit Court with directions that it produce a written order specifying the evidence relied upon and the reasons it revoked C.A.’s probation. A copy of the trial court’s findings shall be filed with this Court within 35 days of the release of this opinion.
REMANDED WITH DIRECTIONS.*
COBB, BASCHAB, SHAW, and WISE, JJ., concur.

 Note from the reporter of decisions: On June 22, 2001, on return to remand, the Court of *594 Criminal Appeals affirmed, without opinion. On July 20, 2001, that court denied rehearing; no opinion.