COBB, Judge.
On March 15, 1999, Mark Winford Johnson was convicted of third-degree theft of property and third-degree burglary. On May 21, 1999, the trial court sentenced him, as a habitual offender, to 15 years in prison on the burglary charge, but suspended the sentence and ordered that Johnson be placed on probation for 5 years, and sentenced him to serve 30 days in jail on the theft charge. The trial court ordered that the sentences were to run concurrently.
On December 28, 2000, Johnson’s probation officer filed a delinquency report and recommended that Johnson be arrested and that his probation be revoked. On January 3, 2001, an arrest warrant was issued for Johnson; on April 21, 2001, the warrant was executed. On May 9, 2001, after a hearing, the trial court revoked Johnson’s probation. On May 11, 2001, Johnson filed a motion to reconsider, which the trial court denied on May 25, 2001. This appeal followed.
On appeal Johnson raises four issues:
“1. Was it constitutionally permissible or within a judge’s discretion to revoke Mark Johnson’s probation for failure to report to an abusive system?
“2. Is it in any way proper, constitutionally permissible, or within any judge’s discretion to revoke probation when an indigent defendant cannot pay?
“3. Is it constitutionally permissible or even wise to revoke probation based on a defendant being ‘clearly involved in an environment that has to [do] with drugs.’
“4. Is [the] mere recitation[ ] that ‘he was recently arrested for manufacturing methamphetamine’ sufficient to revoke probation.”
(Appellant’s brief, pp. v-vi.) Johnson did not raise any of these claims during the revocation hearing or in his motion to reconsider.
“The general rules of preservation apply to probation revocation hearings. Puckett v. State, 680 So.2d 980, 983 (Ala.Crim.App.1996), citing Taylor v. State, 600 So.2d 1080, 1081 (Ala.Crim.App.1992). This Court ‘has recognized, in probation revocation proceedings, only, two exceptions to the general rule that issues not presented to the trial court are waived on appeal: (1) the requirement that there be an adequate written order of revocation ..., and (2) the requirement that a revocation hearing actually be held.’ Puckett, 680 So.2d at 983.”
Owens v. State, 728 So.2d 673, 680 (Ala.Crim.App.1998). Therefore, the only claim preserved for appellate review is Johnson’s complaint regarding the adequacy of the order revoking his probation.
Upon revoking Johnson’s probation, the trial court noted on the case action summary sheet:
“Probation revocation hearing held. The Defendant, Mark W. Johnson, failed to report to his probation officer for six consecutive months and failed to pay. He was recently arrested for manufacturing methamphetamine. His probation is hereby revoked and he is remanded to the custody of the Sheriff to be transferred to the State Department of Corrections.”
(C.R. 1.)
“ ‘In accordance with Gagnon v. Scarpelli, 411 U.S. 778, 93 S.Ct. 1756, 36 *836 L.Ed.2d 656 (1973), Armstrong v. State, 294 Ala. 100, 312 So.2d 620 (1975), and Wyatt v. State, 608 So.2d 762 (Ala.1992), before probation can be revoked, an Alabama trial court must provide a written order stating the evidence and the reasons relied upon to revoke probation.’ Trice v. State, 707 So.2d 294, 295 (Ala.Crim.App.1997). ‘These requirements offer the probationer some protection from an abuse of discretion by the trial court, aid an appellate court in reviewing a revocation, and prevent future revocations based on the same conduct.’ T.H.B. v. State, 649 So.2d 1323, 1324 (Ala.Crim.App.1994).”
Chenault v. State, 777 So.2d 314 (Ala.Crim.App.2000). See also Rule 27.6(f), Ala. R.Crim. P. In its brief, the State agrees that the trial court’s order is inadequate.
We find that the order revoking Johnson’s probation is inadequate because it does not contain a recitation, however brief, of the evidence relied upon by the trial court in deciding to revoke Johnson’s probation. Therefore, we remand this cause to the trial court for that court to enter an adequate written order as required by Rule 27.6(f). Due return shall be made to this court within 28 days of the date of this opinion.
REMANDED WITH DIRECTIONS. 
McMILLAN, P.J., and BASCHAB, SHAW, and WISE, JJ„ concur.