McMILLAN, Presiding Judge.
In 1996, the appellant, Ezekiel Reed, was convicted of escape and was sentenced to 15 years’ imprisonment. The trial court split Reed’s sentence, ordering him to serve 3 years in the custody of the Department of Corrections, followed by supervised probation for a period of 12 years. While he was on probation, the appellant’s probation officer filed delinquency reports, alleging that Reed had violated the conditions of his probation in that: (1) he had failed to report to his probation officer; (2) he had failed to pay his court costs; (3) he had been arrested for two new offenses: second-degree possession of marijuana and possession of drug paraphernalia; and (4) he had been convicted of third-degree domestic violence. After conducting a revocation hearing, the trial court revoked Reed’s probation.
The appellant has raised two issues on appeal: (1) whether the revocation order adequately stated the evidence relied on and the reasons for revocation, and (2) whether the evidence presented at the revocation hearing was sufficient to support the revocation of his probation. The State has requested us to remand this case to the trial court for that court to amend its revocation order.
The general rules of preservation apply in revocation proceedings. Puckett v. State, 680 So.2d 980 (Ala.Crim.App.1996). This Court has recognized the following exceptions to the general rules: (1) the requirement of an adequate order of revocation, and (2) the requirement that a revocation hearing actually be held. Id. This Court has also held that a defendant can argue *103 for the first time on appeal the trial court’s failure to inform him of his right to request counsel for probation-revocation proceedings. Law v. State, 778 So.2d 249 (Ala.Crim.App.2000).
In the instant case, the revocation order does not contain a statement of the evidence relied on and the reasons for revocation. This matter is therefore remanded to the Covington Circuit Court for that court to issue a sufficient order of revocation. Due return shall be made to this Court within 60 days of the date of this opinion.
REMANDED WITH DIRECTIONS. 
COBB, BASCHAB, SHAW, and WISE, JJ., concur.