McMILLAN, Presiding Judge.
On October 9, 2001, the appellant, Gary Blunt, pleaded guilty to one count of second-degree receiving stolen property.[1] He was sentenced to 10 years’ imprisonment on that conviction, the sentence to be served concurrently with the sentence imposed on his conviction for first-degree theft of property. The trial court split Blunt’s sentence to time served in jail, suspending the balance of his sentence and placing him on supervised probation for five years.
On December 13, 2001, Blunt’s probation officer filed a delinquency report requesting Blunt’s probation be revoked, but the State withdrew its motion to revoke probation on January 9, 2002. On March 12, 2002, the probation officer filed a second delinquency report, charging that Blunt had violated the conditions of his probation. The report alleged that Blunt had been charged with the offenses of first-degree receiving stolen property and third-degree receiving stolen property, that he had illegally used drugs, and that he had failed to pay his court-ordered monies.
The trial court conducted a revocation hearing, during which the court heard the testimony of the arresting officer on the two new offenses and Blunt’s illegal drug use, and the State and Blunt stipulated to the- testimony of the probation officer. After the conclusion of the revocation hearing, the trial court determined that Blunt had violated the conditions of his probation and revoked his probation, reinstating his sentences. Blunt’s appellate counsel filed a motion to set aside the probation revocation and the stipulation to the probation officer’s testimony. The trial court then held a second hearing, during which it heard the testimony of the probation officer, and it afterward denied Blunt’s motion to set aside the revocation. This appeal followed.
In his brief to this Court, Blunt raises three issues:
1. Whether a decision to revoke one’s probation can be based entirely on hearsay.
2. Whether the trial court abused its discretion in finding that the evidence presented in Blunt’s case was sufficient to meet the reasonable satisfaction standard necessary to revoke Blunt’s probation.
3. Whether the trial court’s order revoking probation was insufficient because it omitted the specific evidence relied upon by the court, and whether *1188 the trial court erred in relying on a stipulation that was set aside.
The general rules of preservation apply in revocation proceedings. Puckett v. State, 680 So.2d 980 (Ala.Crim.App.1996). This Court has recognized exceptions to those general rules in the following contexts: (1) the requirement of an adequate order of revocation and (2) the requirement that a revocation hearing actually be held. Id. See also Armstrong v. State, 294 Ala. 100, 312 So.2d 620 (1975). This Court has also held that a defendant can raise for the first time on appeal the trial court’s failure to inform him of his right to request counsel for revocation proceedings. Law v. State, 778 So.2d 249 (Ala.Crim.App. 2000).
Issue 1 is not among the exceptions to the preservation requirement, and Blunt has raised it for the first time on appeal. Therefore, this claim has not been preserved for appellate review and cannot be considered by this Court.
Issue 2, although preserved for review at the trial level, is without merit. Blunt claims that the trial court improperly revoked his probation based on his failure to pay court-ordered monies.[2] He argues that he attempted to pay and that the probation office would not accept his payments. During the hearing on Blunt’s motion to set aside the revocation, the probation officer testified to the following: Blunt initially reported to the probation office on October 15, 2001. The officer was unable to advise Blunt of the total amount owed in court ordered monies because the probation office did not receive that information until October 16, 2001. When Blunt reported in November, the probation officer was not in the office, and Blunt was shortly thereafter arrested on charges of first-degree and third-degree receiving stolen property. Blunt next reported to the probation office in February, when he was advised of the amount of court-ordered monies owed. Blunt had failed to make any payments toward his court-ordered monies as of the date of the delinquency report.
Blunt’s argument fails because the evidence indicates that Blunt was advised of the fact that he owed court-ordered monies in October, although the amount was not known. The record further reveals that on February 4, 2002, Blunt was informed that he owed $4,279 in court-ordered monies and that he had failed to pay toward this amount at the time he was found delinquent. Accordingly, the evidence of Blunt’s failure to pay his court-ordered monies was sufficient to support the revocation of his probation.
Finally, Issue 3 argues that the revocation order did not specifically set forth the evidence relied on by the trial court. This claim falls within the three exceptions to the preservation requirement. Moreover, the State has requested that this Court remand this case for the trial court to amend its revocation order to state the evidence relied on in revoking probation. Accordingly, this case is remanded to the Mobile Circuit Court with directions for that court to amend its revocation order to include the specific evidence it relied on in revoking Blunt’s pro *1189 bation. Due return shall be made to this Court within 63 days from the date of this opinion.
REMANDED WITH DIRECTIONS. 
COBB, SHAW, and WISE, JJ., concur. BASCHAB, J., concurs in the result.

. He was originally indicted for one count of first-degree receiving stolen property and one count of first-degree theft of property. Upon motion by the State to which the Blunt agreed, the charges were amended so that he was only charged with second-degree receiving stolen property.

. Although Blunt objected to the sufficiency of the evidence at the hearing on his motion to set aside the revocation, his objection argued only that the evidence of his failure to pay the court-ordered monies was not sufficient to warrant revocation. At no time did Blunt object to the sufficiency of the evidence regarding his arrest for the two new offenses or that regarding his illegal drug use. Therefore, this Court will address only the sufficiency of the evidence relative to the charge that Blunt failed to pay his court-ordered monies as instructed.