McMILLAN, Presiding Judge.
On June 24, 1999, the appellant, Karrice Davis, was convicted of the following offenses: third-degree escape, possession of a controlled substance, and two counts of second-degree forgery. He was sentenced to five years’ imprisonment for the escape conviction and to six years’ imprisonment for each of the remaining convictions; all the sentences were to be served concurrently. The trial court suspended Davis’s sentences, placing him on supervised probation for three years. On January 19, 2001, Davis’s probation officer filed a delinquency report, alleging that Davis had violated the conditions of his probation. The report charged that Davis had been arrested for a new offense — possession of a controlled substance. After conducting a hearing in this matter, the trial court revoked Davis’s probation, reinstating his original sentences.
On appeal, Davis argues that the trial court failed to make written findings as to the evidence it relied on and the reasons it revoked his probation.
The general rules of preservation apply in revocation proceedings. Puckett v. State, 680 So.2d 980 (Ala.Crim.App.1996). This Court has recognized the following exceptions to the general rules: (1) the requirement of an adequate order of revocation and (2) the requirement that a revocation hearing actually be held. Id. This Court has also held that a defendant can argue for the first time on appeal the trial court’s failure to inform him of his right to request counsel for probation-revocation proceedings. Law v. State, 778 So.2d 249 (Ala.Crim.App.2000).
In the instant case, the trial court’s revocation order is inadequate. It does not contain a written statement of the evidence relied on or the reasons for the revocation. Both Davis and the State have requested that we remand this case to allow the trial court to amend its order. This case is therefore remanded for the Houston Circuit Court to amend its order of revocation in accordance with this opinion. Due return shall be made to this Court within 49 days of the date of this opinion.
REMANDED WITH DIRECTIONS.*
COBB, SHAW, and WISE, JJ„ concur.
BASCHAB, J., concurs in the result, without opinion.

 Note from the reporter of decisions: On April 18, 2003, on return to remand, the Court of Criminal Appeals affirmed, without opinion.