On Remand from the Alabama Supreme Court
 

 MAIN, Judge.
 

 In an unpublished memorandum issued on May 80, 2008, this Court affirmed the circuit court’s judgment in this case, holding that Hill had not preserved his challenge to the revocation proceedings and that, even had his challenge been preserved, he was not entitled to any relief on his claim that the circuit court erred in denying his motion to withdraw his guilty plea.
 
 See Hill v. State,
 
 71 So.3d 1 (Ala.Crim.App.2008) (Presiding Judge Baschab concurred in the result in part and dissented in part, with opinion; Judge Welch concurred in part and dissented in part, with opinion; Judge Shaw concurred in the result).
 
 [1]
 
 Hill petitioned the Alabama Supreme Court for certiorari review.
 

 On September 4, 2009, the Alabama Supreme Court held that the circuit court did not err in denying Hill’s motion to withdraw his guilty plea; however, the Alabama Supreme Court reversed that portion of this Court’s judgment addressing Hill’s challenge to the revocation proceedings, holding:
 

 “The trial judge in the instant case revoked Hill’s community-corrections assignment during Hill’s initial appearance, without affording Hill a meaningful hearing to be set at a later date. As a result, Hill was not afforded the opportunity to present witnesses, nor was he afforded the opportunity to confront and cross-examine witnesses. Accordingly, the minimum due-process requirements of
 
 Morrissey [v. Brewer,
 
 408 U.S. 471 (1972) ],
 
 Gagnon [v. Scarpelli,
 
 411 U.S. 778 (1973)], and
 
 Armstrong v. State,
 
 294 Ala. 100, 312 So.2d 620 (1975)], were not met.
 

 “Based on the foregoing, we reverse that portion of the Court of Criminal Appeals’ decision holding that Hill failed to preserve for appellate review the issue whether due process was afforded at the revocation hearing, and we remand this case to that court for further proceedings consistent with this opinion.”
 

 Ex parte Hill,
 
 71 So.3d 3, 10 (Ala.2009). The Alabama Supreme Court further stated that Hill’s claims fall within the second exception discussed in
 
 Puckett v. State,
 
 680 So.2d 980, 983 (Ala.Crim.App.1996), to the rule that arguments not presented to the trial court are waived on appeal applicable to probation revocation proceedings, i.e., “the requirement that a revocation hearing actually be held.”
 

 Thus, in accordance with the directions of the Alabama Supreme Court, we remand this case to the circuit court for that court to conduct a new revocation hearing in compliance with Rule 27, Ala.R.Crim.P. The circuit court shall take all necessary action to see that the circuit clerk makes due return to this Court at the earliest
 
 *12
 
 possible time and within 56 days of the release of this opinion.
 

 REMANDED WITH DIRECTIONS.
 
 *
 

 WISE, P.J., and WELCH, WINDOM, and KELLUM, JJ., concur.
 

 [1]
 

 . Although Judge Main was not on the Court when the unpublished memorandum was issued, the case was assigned to Judge Main when the Alabama Supreme Court remanded it to this Court.
 

 *
 

 Note from the reporter of decisions: On November 16, 2010, the appeal was dismissed on the motion of the appellant by the Court of Criminal Appeals. A certificate of judgment was issued on November 16, 2010.