The appellant, John Forrest Coon, appeals the revocation of his probation. The appellant pleaded guilty in 1992 to burglary in the third degree and to escape in the third degree. He was sentenced to 15 years in prison for each offense, the sentences to run concurrently. He was ordered to serve three years in the penitentiary and was placed on supervised probation for the remainder of the sentence. In 1995, probation revocation proceedings were commenced against the appellant. The appellant appeared before the trial court and admitted to violating the terms of his probation. The appellant's probation was revoked.
The appellant represented himself during the probation revocation proceedings. The appellant contends, for the first time on appeal that the trial court erred in allowing him to represent himself without first holding a hearing pursuant toFaretta v. California, 422 U.S. 806, 95 S.Ct. 2525,45 L.Ed.2d 562 (1975), to determine if he had voluntary relinquished his right to counsel.
Initially, we must determine whether a probationer has an unqualified right to counsel at a probation revocation proceeding. A probationer is not automatically entitled to counsel. This issue was addressed in depth by the United States Supreme Court in Gagnon v. Scarpelli, 411 U.S. 778,93 S.Ct. 1756, 36 L.Ed.2d 656 (1973). Citing Morrissey v. Brewer,408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972), which held that a parolee[1] is entitled to 1) written notice of the claimed violations, 2) disclosure of the evidence against him, 3) an opportunity to be heard in person and to present witnesses, 4) the opportunity to confront and cross-examine adverse witnesses, 5) a neutral and detached hearing body, and 6) a written statement of evidence relied on for revoking probation, the United States Supreme Court stated:
 "These requirements in themselves serve as substantial protection against ill-considered revocation, and petitioner argues that counsel need never be supplied. What this argument overlooks is that the effectiveness of the rights guaranteed by Morrissey may in some circumstances depend on the use of skills which the probationer or parolee is unlikely to possess. Despite the informal nature of the proceedings and the absence of technical rules of procedure or evidence, the unskilled or uneducated probationer or parolee may well have difficulty in presenting his version of a disputed set of facts where the presentation requires the examining or cross-examining of witnesses or the offering or dissecting of complex documentary evidence.
 "By the same token, we think that the Court of Appeals erred in accepting respondent's contention that the State is under a constitutional duty to provide counsel for indigents in all probation or parole revocation cases. While such a rule has the appeal of simplicity, it would impose *Page 96 
direct costs and serious collateral disadvantages without regard to the need or the likelihood in a particular case for a constructive contribution by counsel. In most cases, the probationer or parolee has been convicted of committing another crime or has admitted the charges against him. And while in some cases he may have a justifiable excuse for the violation or a convincing reason why revocation is not the appropriate disposition, mitigating evidence of this kind is often not susceptible of proof or is so simple as not to require either investigation or exposition by counsel.
". . . .
 "We thus find no justification for a new inflexible constitutional role with respect to the requirement of counsel. We think, rather, that the decision as to the need for counsel must be made on a case-by-case basis in the exercise of a sound discretion by the state authority charged with responsibility for administering the probation and parole system. Although the presence and participation of counsel will probably be both undesirable and constitutionally unnecessary in most revocation hearings, there will remain certain cases in which fundamental fairness — the touchstone of due process — will require that the State provide at its expense counsel for indigent probationers or parolees.
 "It is neither possible nor prudent to attempt to formulate a precise and detailed set of guidelines to be followed in determining when the providing of counsel is necessary to meet the applicable due process requirements. The facts and circumstances in preliminary and final hearings are susceptible of almost infinite variation, and a considerable discretion must be allowed the responsible agency in making the decision. Presumptively, it may be said that counsel should be provided in cases where, after being informed of his right to request counsel, the probationer or parolee makes such a request, based on a timely and colorable claim (i) that he has not committed the alleged violation of the conditions upon which he is at liberty; or (ii) that, even if the violation is a matter of public record or is uncontested, there are substantial reasons which justified or mitigated the violation and make revocation inappropriate, and that the reasons are complex or otherwise difficult to develop or present."
411 U.S. at 786-790; 93 S.Ct. at 1762-64; 36 L.Ed.2d at 665-66.
This imposition of a qualified right to counsel in probation revocation proceedings, as set forth in Gagnon, was incorporated into Rule 27.6(b), Ala.R.Crim.P., which states:
 "The probationer is entitled to be present at the hearing and to be represented by counsel. Counsel will be appointed to represent an indigent probationer upon request:
 "(1) If the probationer makes a colorable claim that the probationer has not committed the alleged violation of the conditions or regulations of probation or the instructions issued by the probation officer; or
 "(2) Even when the violation is a matter of public record or is uncontested, if there are substantial reasons that justify or mitigate the violation and that may make revocation inappropriate, and the reasons are complex or otherwise difficult to develop or present."
Counsel was not necessary at the probation revocation hearing in this case. The appellant freely admitted that he had violated the terms of his probation and that he wished to admit to the violation so that he could be speedily extradited to Florida. He stated many times in the record that he wanted the matter resolved quickly. Furthermore, the appellant never requested counsel and, in fact, waived the assistance of counsel. No Faretta hearing was necessary because there is no absolute right to counsel in a probation revocation proceeding.
Moreover, before accepting an admission by a probationer that he has violated the terms of his probation, the court must comply with Rule 27.6(c), Ala.R.Crim.P. This rule states:
 "Before accepting an admission by a probationer that the probationer has violated a condition or regulation of probation or an *Page 97 
instruction issued by the probation officer, the court shall address the probationer personally and shall determine that the probationer understands the following:
 "(1) The nature of the violation to which an admission is offered;
 "(2) The right under section (b) to be represented by counsel;
 "(3) The right to testify and to present witnesses and other evidence on probationer's own behalf and to cross-examine adverse witnesses under subsection (d)(1); and
 "(4) That, if the alleged violation involves a criminal offense for which the probationer has not yet been tried, the probationer may still be tried for that offense, and although the probationer may not be required to testify, that any statement made by the probationer at the present proceeding may be used against the probationer at a subsequent proceeding or trial.
 "The court shall also determine that the probationer waives these rights, that the admission is voluntary and not the result of force, threats, coercion, or promises, and that there is a factual basis for the admission."
The court complied with Rule 27 and, as stated above, noFaretta hearing was necessary.
For the foregoing reasons, the judgment in this case is due to be, and it is hereby, affirmed.
AFFIRMED.
All the Judges concur.
[1] These rights were applied to probationers in Gagnon.