*649 ON RETURN TO REMAND
COBB, Judge.
This case was remanded to the trial court with instructions to enter an order stating the evidence relied upon and the reasons for revoking Douglas Fuqua’s probation. 695 So.2d 647 (Ala.Crim.App.1996). The trial court has submitted an order stating the following reason for revoking Fuqua’s probation:
“[0]n February 22, 1995, the Court heard the motion to revoke the suspended sentence [probation] of the Defendant, Douglas Fuqua, and does specifically find from the evidence presented that the Defendant, Douglas Fuqua, was present in a place known as ‘Doug’s Club’ on January 20, 1995, which was a violation of the condition of the suspended sentence [ (probation) ].”
The order sufficiently states the reasons for revoking the probation but it fails to state the evidence it relied upon. This court recently stated in Rutledge v. State, 689 So.2d 1002 (Ala.Cr.App.1996):
“In Hairgrove v. State, 668 So.2d 887 (Ala.Cr.App.1995), this court found that although the following order contained sufficient reasons for revoking probation (the commission of specified new offenses), it failed to sufficiently specify the evidence the trial court relied upon in revoking the appellant’s probation:
“‘This cause coming on for probation revocation hearing, the Defendant being present and represented by appointed counsel, Donald Doerr, and the Court having taken and considered sworn testimony, the Court finds based upon the testimony presented that the Defendant has violated the terms and conditions of his probation by committing new offenses constituting Burglary 1st, Theft of Property 1st, Robbery 1st, and Certain Persons Forbidden to [Possess] a Pistol. Based upon the seriousness of the new offenses and the Defendant’s extensive criminal history, no intermediate [sic] would be appropriate and would tend to denigrate the seriousness of both. It is therefore ordered that the Defendant’s probation is revoked.’
“668 So.2d at 887.
[[Image here]]
“ ‘In Wyatt v. State, 608 So.2d 762, 763 (Ala.1992), the Alabama Supreme Court held that “Armstrong v. State [, 294 Ala. 100, 312 So.2d 620 (1975),] requires a written order setting forth the evidence relied upon and the reason for the revocation.” This requirement obtains even where “the transcript of the proceeding, coupled with the order, indicates the evidence relied upon by the trial court and the trial court’s reason for the revocation.” Id.’ Martin v. State, 681 So.2d 1110 (Ala.Cr.App.1996).”
This case must be remanded a second time with directions to the trial court to enter an order stating the evidence it relied on to revoke Fuqua’s probation. The trial court shall take necessary action to see that the circuit clerk makes due return to this court at the earliest possible time and within 28 days of the release of this opinion.
REMANDED WITH INSTRUCTIONS*
All the Judges concur.

 Note from the Reporter of Decisions: On January 17, 1997, on return to remand, the Court of Criminal Appeals affirmed, without opinion, and on February 28, 1997, that court denied rehearing, without opinion. On May 9, 1997, the Alabama Supreme Court denied certiorari review, no opinion (1960990).