The appellant, Jackson Burton Stallworth, appeals the revocation of his probation. Stallworth pleaded guilty in 1994 to burglary in the third degree and criminal trespass in the second degree, violations of §§ 13A-7-7 and 13A-7-3, Code of Alabama 1975. He was sentenced to 10 years on the burglary conviction and to one year on the conviction for criminal trespass. The sentences were suspended, and he was placed on probation. In 1996, probation revocation proceedings were commenced against the appellant after he was served on June 10, 1996, with a warrant for stalking. He was taken before the trial court that same day for an initial appearance. Eight days after the initial appearance, the probation officer filed an addendum to the petition for revocation of probation, alleging that the appellant was also being charged with receiving stolen property in the second degree. A probation revocation hearing was held on June 25, 1996, and the court revoked the appellant's probation for violating the conditions of his parole. The appellant was not represented by counsel at the probation revocation proceeding.
 I
The appellant contends that the probation revocation hearing failed to meet the minimum requirements for due process. No objections were made at the hearing.
A majority of this court has recently held that in probation revocation hearings there are only two exceptions to the general rule that issues not presented to the trial court are waived on appeal. These exceptions are (1) when there is no written order specifying the evidence relied upon and the reasons for revoking probation, and (2) when there is no evidence that a revocation hearing actually was held.Puckett v. State, 680 So.2d 980 (Ala.Cr.App. 1996) (Taylor, Presiding Judge, dissenting).
The record indicates that a revocation hearing was held on June 25, 1996. In addition, the court entered a one-paragraph order revoking the appellant's probation. The court based the revocation on a delinquency report from the appellant's probation officer stating that the appellant had committed the offenses of stalking and receiving stolen property in the second degree.
The United States Supreme Court in Morrissey v. Brewer,408 U.S. 471, *Page 553 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972), and Gagnon v. Scarpelli,411 U.S. 778, 93 S.Ct. 1756, 36 L.Ed.2d 656 (1973), set forth the minimal constitutional requirements a probationer must be afforded before probation may be revoked. Those rights include: (1) written notice of the violation, (2) disclosure of the evidence against the probationer, (3) an opportunity to be heard in person and to present witnesses, (4) the right to confront and cross-examine adverse witnesses, (5) the right to a neutral and detached hearing body, and (6) a written statement by the factfinder of the evidence relied upon.
The appellant first contends that he was deprived of his guaranteed minimal protection of due process because, he says, his revocation hearing was not conducted upon the initial alleged violation of stalking, but was based upon the alleged violation of receiving stolen property in the second degree. The appellant's second contention is that there was insufficient evidence to support the revocation of his probation.
The issues raised by the appellant are presented for the first time on appeal and neither comes within the exceptions specified in Puckett. The jurisdiction of this court is appellate only, and matters that have not first been presented to the trial court cannot be addressed on appeal. Trawick v.State, 431 So.2d 574 (Ala.Cr.App. 1983); Harris v. State,420 So.2d 812 (Ala.Cr.App. 1982). Therefore, neither of these issues is preserved for appellate review.
However, the appellant's last two contentions must be addressed. The appellant contends that the trial court erred by not making a written statement of, or stating for the record, the reasons for revoking probation and the evidence relied upon as required by Gagnon, Morrissey, and Rule 27.6(f), Ala.R.Cr.P. The trial court's revocation order states as follows:
 "These cases come on for revocation of probation hearing today. Having considered the testimony of the witnesses, including the Defendant, the court is of the opinion and finds that the Defendant has violated the terms and conditions of his probation. Specifically, the court finds that the Defendant committed the criminal offense of receiving stolen property II. It is therefore ORDERED AND ADJUDGED that Defendant's probation be and is hereby revoked, and he shall serve the prison terms of incarceration previously imposed by the court in these cases."
The revocation order fails to include a statement of the evidence relied upon in revoking the appellant's probation.Taylor v. State, 600 So.2d 1080 (Ala.Cr.App. 1992). The judgment must be reversed.
 II
The appellant's final contention is that his basic right to counsel was violated. We addressed this same issue in Coon v.State, 675 So.2d 94 (Ala.Cr.App. 1995), in which we stated:
 "[W]e must determine whether a probationer has an unqualified right to counsel at a probation revocation proceeding. A probationer is not automatically entitled to counsel. This issue was addressed in depth by the United States Supreme Court in Gagnon v. Scarpelli, 411 U.S. 778, 93 S.Ct. 1756, 36 L.Ed.2d 656 (1973). Citing Morrissey v. Brewer, 409 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972), which held that a parolee is entitled to 1) written notice of the claimed violations, 2) disclosure of the evidence against him, 3) an opportunity to be heard in person and to present witnesses, 4) the opportunity to confront and cross-examine adverse witnesses, 5) a neutral and detached hearing body, and 6) a written statement of evidence relied on for revoking probation, the United States Supreme Court stated:
 " 'These requirements in themselves serve as substantial protection against ill-considered revocation, and petitioner argues that counsel need never be supplied. What this argument overlooks is that the effectiveness of the rights guaranteed by Morrissey may in some circumstances depend on the use of skills which the probationer or parolee is unlikely to possess. Despite the informal nature of the proceedings and the absence of technical rules of procedure or evidence, the unskilled or uneducated *Page 554 probationer or parolee may well have difficulty in presenting his version of a disputed set of facts where the presentation requires the examining or cross-examining of witnesses or the offering or dissecting of complex documentary evidence.
 " 'By the same token, we think that the Court of Appeals erred in accepting respondent's contention that the State is under a constitutional duty to provide counsel for indigents in all probation or parole revocation cases. While such a rule has the appeal of simplicity, it would impose direct costs and serious collateral disadvantages without regard to the need or the likelihood in a particular case for a constructive contribution by counsel. In most cases, the probationer or parolee has been convicted of committing another crime or has admitted the charges against him. And while in some cases he may have a justifiable excuse for the violation or a convincing reason why revocation is not the appropriate disposition, mitigating evidence of this kind is often not susceptible of proof or is so simple as not to require either investigation or exposition by counsel.
" '. . . .
 " 'We thus find no justification for a new inflexible constitutional role with respect to the requirement of counsel. We think, rather, that the decision as to the need for counsel must be made on a case-by-case basis in the exercise of a sound discretion by the state authority charged with responsibility for administering the probation and parole system. Although the presence and participation of counsel will probably be both undesirable and constitutionally unnecessary in most revocation hearings, there will remain certain cases in which fundamental fairness — the touchstone of due process — will require that the State provide at its expense counsel for indigent probationers or parolees.
 " 'It is neither possible nor prudent to attempt to formulate a precise and detailed set of guidelines to be followed in determining when the providing of counsel is necessary to meet the applicable due process requirements. The facts and circumstances in preliminary and final hearings are susceptible of almost infinite variation, and a considerable discretion must be allowed the responsible agency in making the decision. Presumptively, it may be said that counsel should be provided in cases where, after being informed of his right to request counsel, the probationer or parolee makes such a request, based on a timely and colorable claim (i) that he has not committed the alleged violation of the conditions upon which he is at liberty; or (ii) that, even if the violation is a matter of public record or is uncontested, there are substantial reasons which justified or mitigated the violation and make revocation inappropriate, and that the reasons are complex or otherwise difficult to develop or present.' 411 U.S. at 786-790, 93 S.Ct. at 1762-64, 36 L.Ed.2d at 665-66.
 "This imposition of a qualified right to counsel in probation revocation proceedings, as set forth in Gagnon, was incorporated into Rule 27.6(b), Ala.R.Crim.P., which states:
 " 'The probationer is entitled to be present at the hearing and to be represented by counsel. Counsel will be appointed to represent an indigent probationer upon request:
 " '(1) If the probationer makes a colorable claim that the probationer has not committed the alleged violation of the conditions or regulations of probation or the instructions issued by the probation officer; or
 " '(2) Even when the violation is a matter of public record or is uncontested, if there are substantial reasons that justify or mitigate the violation and that may make revocation inappropriate, and the reasons are complex or otherwise difficult to develop or present.' "
Coon, 675 So.2d at 95-97 (emphasis added).
In the present case, the trial court offered the appellant the services of the Escambia County public defender's office at the appellant's initial appearance on June 10, *Page 555 
1996. At that point, the appellant declined the services and informed the trial court that he would be retaining counsel. In his brief to this court, the appellant argues that he declined counsel at that point because an attorney from the public defender's office had been appointed to represent him in his original criminal cases and had withdrawn as counsel in both cases. The appellant argues that he initially rejected the services of this particular attorney, not the services of the whole public defender's office.
The record clearly indicates that on June 25, 1996, when the appellant appeared in court for his probation revocation hearing, he had been unsuccessful in his efforts to retain private counsel. The trial judge instructed the appellant to proceed pro se, although the appellant made it clear that he felt incapable of defending himself. The following excerpt has been taken from the transcript:
 "STALLWORTH: Well, Your Honor, I was really trying to get a lawyer. I had been in contact with one, you know. this kind of — You know, I really don't know what to do as y'all well know.
 "THE COURT: Mr. Stallworth, when you were up here on a Rule 27 a week or so ago I offered you the services of the public defender.
"STALLWORTH: It's been over a week.
 "THE COURT: You said you didn't want the public defender.
 "STALLWORTH: Right. I have been in contact with a private lawyer, trying to get him.
 "THE COURT: If you had notified the Court, we would have continued your hearing.
 "STALLWORTH: Well, I did not know this. You know, I am no lawyer.
 "THE COURT: I think you know enough to know — You have had enough involvement with this court.
 "STALLWORTH: Never with a probation violation, no. I have never been brought before a board for a violation of probation.
"THE COURT: Never have?
"STALLWORTH: No.
 "THE COURT: Well, maybe not. You have been up here several times for one reason or another.
 "STALLWORTH: Never involving probation, Your Honor. Y'all know I can't represent myself adequately in this case. I feel like I am being railroaded really.
"THE COURT: I think you have done quite well.
 "STALLWORTH: Well, I appreciate it, but I am doing the best I can. Obviously, I don't know what I am doing."
It is obvious from the record that the appellant was unfamiliar with both practice and procedure. The appellant should have been represented by counsel. In one instance the trial judge admonished the appellant as he questioned one state's witness, stating: "You get a chance to testify. You just ask questions. Do like Perry Mason on TV: cross-examine the witness." At the hearing, the only charge discussed was one for receiving stolen property. The evidence at the hearing tended to indicate that the appellant was guilty of theft of property, not receiving stolen property. The appellant denied any involvement in the alleged crime. His brief to this court also tends to show that these charges were dismissed within the following month. These allegations were not refuted by the state. The charges, the hearing, and the manner in which the trial court handled this revocation proceeding present this court with grave doubts about the validity of this probation revocation.
The appellant requested the assistance of counsel at his probation revocation proceedings; however, there was a question as to whether he had actually waived his right to counsel at his initial appearance. When any doubt is present as to the actual waiver of right to counsel, a hearing must be held to determine if an actual waiver occurred. Faretta v. California,422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975). A review of the record reveals that no such hearing was ever held.
For the foregoing reasons, the judgment is due to be, and is hereby, reversed and the case remanded.
REVERSED AND REMANDED. *Page 556 
All the Judges concur, except LONG, J., who joins COBB, J., in dissent regarding appellant's right to counsel and joins the majority regarding remand for requirements of rule 27, Ala.R.Crim.P.
COBB, J., concurs in part and dissents in part with opinion.