The majority in the present case seems intent on expanding the requirement of counsel in probation revocation cases. Although this court has recently dealt with this issue inCoon v. State, 675 So.2d 94 (Ala.Cr.App. 1995), and in that case stated, "A probationer is not automatically entitled to counsel," the majority contends that the appellant is the exception envisioned by Coon. I disagree; therefore, I must dissent.
My review of the record reveals that the trial judge offered the appellant the services of the public defender during his initial appearance. He declined those services and informed the court that he wanted to hire his own lawyer. At the probation revocation hearing, the appellant does not mention that he wants an attorney until the State has concluded its case. (R. 15). The majority fails to mention this fact.
As the Coon case states:
 "The facts and circumstances in preliminary and final hearings are susceptible of almost infinite variation, and a considerable discretion must be allowed the responsible agency in making the decision. Presumptively, it may be said that counsel should be provided in cases where, after being informed of his right to request counsel, the probationer or parolee makes such a request, based on a timely and colorable claim (i) that he has not committed the alleged violation of the conditions upon which he is at liberty; or (ii) that, even if the violation is a matter of public record or is uncontested, there are substantial reasons which justified or mitigated the violation and make revocation inappropriate, and that the reasons are complex or otherwise difficult to develop or present."
675 So.2d at 96 (quoting Gagnon v. Scarpelli, 411 U.S. 778,786-790, 93 S.Ct. 1756, 1762-1764, 36 L.Ed.2d 656, 665-666
(1973)).
The appellant in the instant case did not make a timely request and did not indicate to the court that he had a defense or any justification for his action. He refused the offer of appointed counsel, he failed to employ counsel of his own choosing, he failed to inform the court that he had not obtained counsel, and he failed to ask for a continuance because of that failure.
The trial judge wisely used his discretion in this matter. He refused to accept the appellant's attempt to stall the proceedings.
The record is silent in regard to the ultimate resolution of the charges pending against the appellant. The majority seems to be persuaded by the allegation contained in the appellant's brief. I prefer to see it in the record.
I agree with the majority that this case must be remanded for the trial judge to comply with the requirement of Rule 27 of a written order specifying the evidence relied upon and the reasons for revoking probation. Puckett v. State, 680 So.2d 980
(Ala.Cr.App. 1996). However, I respectfully dissent from the majority's decision to reverse. That decision conflicts with our holding in Coon and seems to be based, not on the record, but on unsubstantiated allegations in the appellant's brief. *Page 557