The appellant, Jeremy Keith Stephenson, appeals from a revocation of probation. The appellant was arrested on February 20, 1996, and was charged with unlawful possession of a controlled substance. On April 29, 1996, the trial court issued the following order revoking the appellant's probation:
 "Upon consideration of the supervisor's report on delinquent probationer and the oral testimony offered in the revocation hearing held in this cause on April 25, 1996, the Court hereby finds that the defendant has violated the terms and conditions of his probation heretofore imposed by the Court on September 30, 1994, in that he has been arrested by the Alabama Bureau of Investigation and charged with three cases of unlawful possession of a controlled substance in Marion County, Alabama." *Page 490 
The appellant contends that the order of the trial court is insufficient to support his probation revocation. More particularly, he argues that "mere arrest" is an insufficient basis for revoking his probation.
In Allen v. State, 644 So.2d 45 (Ala.Cr.App. 1994), this Court stated:
 " 'The judge shall make a written statement or state for the record the evidence relied upon and the reasons for revoking probation.' Rule 27.6(f), A.R.Cr.P. This rule is 'intended to comply with Armstrong v. State, 294 Ala. 100, 312 So.2d 620
(1975), and Gagnon v. Scarpelli, 411 U.S. 778
[93 S.Ct. 1756, 36 L.Ed.2d 656] (1973).' Committee Comments to Rule 27.6.
 " 'Section (f) is included to give a reviewing court a basis for evaluating the revocation hearing and decision. Both Gagnon, supra, and Armstrong, supra, require that a written statement be made as to the evidence relied upon and the reasons for revoking probation. A written judgment entry would constitute a sufficient written statement.' Id."
In Allen, this Court held that a "mere arrest" or the filing of charges is an insufficient basis for revoking probation. However, because a probation revocation hearing is not criminal in nature, neither formal procedures nor formal rules of evidence need be followed by the trial court. See also Robersonv. State, 572 So.2d 1323, 1325 (Ala.Cr.App. 1990).
Here, the reasons given by the trial court are insufficient to support the revocation of probation. Additionally, the trial court's order fails to contain a statement that it was reasonably satisfied that the appellant was guilty of the charged offense. In fact, the record indicates that the trial court "presumed the defendant to be innocent of the charges" during the revocation proceedings. "Before revoking probation because the probationer had been arrested, the trial court must be reasonably satisfied that the underlying charge against the probationer is true." Wade v. State, 652 So.2d 335
(Ala.Cr.App. 1994). See also Smith v. State, 445 So.2d 573
(Ala.Cr.App. 1984).
Therefore, this cause is remanded to the trial court to enter specific findings as to the evidence relied upon and the reasons for revoking the appellant's probation, including a statement as to whether it is reasonably satisfied that the charges against the appellant are true. The trial court shall make due return to this Court at the earliest possible time within 60 days of the release of this opinion.
REMANDED WITH INSTRUCTIONS.
All judges concur.
 On Return to Remand