On Return to Remand and On Application for Rehearing

McMillan, judge.
On June 20, 1997, we remanded this cause to the trial court with instructions that that court enter an order stating its reasons for revoking Mark Alan Byrd’s probation and the evidence it relied upon in doing so. In response, the trial court issued an order complying with our instruction. In its order, however, the trial court stated that Byrd’s case involved the revocation of a suspended sentence rather than the revocation of probation. Subsequently, the State filed an application for rehearing asking us to correct the opinion and also filed a Rule 39(k) motion. We now grant that motion and will therefore consider the arguments contained in it. In so doing, we are withdrawing our June 20, 1997, opinion and substituting the following opinion.
This appeal arises out of a revocation of Byrd’s suspended sentence. Initially, we note that the revocation of Byrd’s suspended sentence was, in essence, a revocation of his probation. See Fuqua v. State, 695 So.2d 648 (Ala.Cr.App.1996).
The appellant, Mark Alan Byrd, was convicted, pursuant to a guilty plea, of the unlawful possession of a controlled substance. He was sentenced to 15 years’ imprisonment. He applied for probation, which the trial court granted. The trial court also suspended his sentence for five years, conditioned upon his good behavior.
The State subsequently filed a motion seeking to revoke the appellant’s suspended sentence, alleging that the appellant had been charged with a new offense, i.e., theft of property in the third degree (shoplifting). The State subsequently amended this petition to include two other new offenses, i.e., two counts of forgery in the second degree. The evidence presented by the State at the hearing on the motion to revoke tended to show the following: Lynnette Nichols, an employee of the Wal-Mart Super Center discount store in Muscle Shoals testified that on May 21, 1996, she saw the appellant concealing merchandise, specifically, cigarettes, a block pulley, and two garage door transmitters, on his person while he was walking through the store. She testified that when the appellant entered the restroom, she requested that a manager, Chris Moorehead, follow him. She testified that she remained at the restroom door until the appellant came out of the restroom. Ms. Nichols testified that the appellant then left the store without paying for the items that he had placed in his *875 pants pockets, and socks. The items were valued at approximately $55.00. She testified that she and Mr. Moorehead escorted the appellant back inside the store, took him to the office, and requested that he place the items on the counter. The appellant eventually complied but became belligerent when she informed him that the police had been called. Mr. Moorehead testified to the same set of facts and circumstances. Detective James Keith Kennedy of the Muscle Shoals Police Department also testified during the revocation hearing. He stated that he questioned the appellant at the Colbert County jail, after first advising him of his rights under Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966), and that the appellant admitted that he had committed the two forgery offenses while he was under the influence of cocaine. After allowing the attorneys -to speak, the trial court found that the appellant had violated the conditions of his suspended sentence by being charged with forgery and theft of property in the third degree; the court then imposed the original 15-year sentence.
The appellant, acting pro se, subsequently filed a pleading in the trial court, which we have construed to be a motion for a new trial, and the trial court denied the appellant’s motion. This appeal follows. Although the appellant raises numerous issues in this appeal, this Court will address only two of these issues; the remaining issues are either not preserved for our review or are otherwise not properly before this Court.
I.
The appellant argues that he was denied the right to the effective assistance of counsel at his revocation hearing. In support of his claim, the appellant argues that a conflict of interest existed between him and the attorney who represented him at the revocation hearing because, he says, that attorney had represented him in an unspecified proceeding in 1986, the appellant had appealed the results of that proceeding on the ground of ineffective assistance of counsel, and counsel had been required to attend a hearing on a habeas corpus petition the appellant filed in federal court relating to this issue. The appellant further alleges that that attorney had also represented his former wife in their divorce proceeding in 1991, and that he filed a complaint against that attorney with the Alabama Bar Association based on counsel’s representation of his former wife. The appellant further alleges that he called these conflicts to counsel’s attention before the revocation hearing began, and that counsel told him that he would bring these alleged possible conflicts to the trial court’s attention, but that counsel failed to do so.
This Court in Coon v. State, 675 So.2d 94 (Ala.Cr.App.1995), held that the question whether a defendant in a probation revocation hearing had the right to counsel should be determined on a case-by-ease basis, depending on the nature of the probationer’s claims.
“This imposition of a qualified right to counsel in probation revocation proceedings, as set forth in Gagnon [v.Scarpelli, 411 U.S. 778, 93 S.Ct. 1756, 36 L.Ed.2d 656 (1973) ], was incorporated into Ride 27.6(b), Ala.R.Crim.P., which states:
“ ‘The probationer is entitled to be present at the hearing and to be represented by counsel. Counsel will be appointed to represent an indigent probationer upon request:
“‘(1) If the probationer makes a colorable claim that the probationer has not committed the alleged violation of the conditions or regulations of probation or the instruction issued by the probation officer; or
‘“(2) Even when the violation is a matter of public record or is uncontested, if there are substantial reasons that justify or mitigate the violation and that may make revocation inappropriate, and the reasons are complex or otherwise difficult to develop or present.’ ”
Coon v. State, 675 So.2d at 97. See also Stallworth v. State, 690 So.2d 551 (Ala.Cr.App.1997).
Counsel was not necessary at the revocation hearing in this case. The record reveals that substantial evidence was presented at the hearing tending to show that the appel *876 lant had committed the theft offense. Additionally, the appellant admitted that he had committed the forgery offenses. The United States Supreme Court held in Gagnon v. Scarpelli 411 U.S. 778, 787-89, 93 S.Ct. 1756, 1762-63, 36 L.Ed.2d 656 (1973), that a defendant in a probation revocation proceeding is not entitled to counsel in a situation where the defendant had admitted committing offenses while on probation.
Under the facts of this case, the appellant was not entitled to counsel in his revocation hearing. Accordingly, the appellant’s argument that he was denied the effective assistance of counsel is without merit.
II.
The appellant argues that the trial court erred by failing to enter a written order stating the facts it relied upon in revoking the appellant’s probation, as required by Ex parte Helton, 578 So.2d 1379, 1380 (Ala.1990), and Armstrong v. State, 294 Ala. 100, 312 So.2d 620 (1975). The State submits that the order entered by the trial court in this case in indistinguishable from the order this Court found inadequate in Hairgrove v. State, 668 So.2d 887 (Ala.Cr.App.1995).
Because we have previously remanded this case to the trial court to enter an order that specifically details the evidence it relied upon and the reasons for revoking the appellant’s suspended sentence and because the trial court has complied with those instructions, we now, in the interest of judicial economy, review that order, which reads as follows:
“Whereas, this cause is on remand to this court with directions to enter an order stating [the] reasons for revoking the appellant’s probation and the evidence relied upon is doing so.
“Whereas, the court’s Order of January 17, 1997 was in response to the Alabama Court of Criminal Appeals remand to this court on November 19, 1996, to state in particular the reasons for revoking the suspended sentence and the evidence relied upon.
‘Whereas, this court has relied upon the testimony of Annette [sic] Nichols, Chris Moorehead, and Officer Keith Kennedy. The defendant, Mark A. Byrd, was apprehended for shoplifting from the Wal-Mart Store in Muscle Shoals, and the defendant, Mark Byrd, forged two (2) checks and cashed them at the First Metro Bank in the City of Muscle Shoals.
“The court further adopts the transcript, which is marked Court’s Exhibit No.l, and it is hereto attached for the Court of Criminal Appeals’ consideration, as to what this court relied on in revoking the suspended sentence of Mark A. Byrd.
“Please note this is not a probation revocation hearing but a revocation of a suspended sentence.
“DONE AND ORDERED this the 26th day of June, 1997.”
Although the trial court’s order states the reasons for revoking probation and the evidence it relied upon in doing so, it fails to contain a statement by the trial court that it was reasonably satisfied that the appellant was guilty of the charged offenses. See Stephenson v. State, 710 So.2d 489 (Ala.Cr.App.1997); and Allen v. State, 644 So.2d 45 (Ala.Cr.App.1994). Additionally, the record contains no statement by the trial court that it was reasonably satisfied that the appellant had committed the charged offenses. In Stephenson, supra, this Court held that such a finding by the trial court is mandatory.
Therefore, we again remand this cause to allow the trial court an opportunity to make a finding as to whether it is reasonably satisfied of the truth of the charge and to include that finding in its written order. This order shall be returned to this Court within 45 days of the release of this opinion.
OPINION OF JUNE 20, 1997, WITHDRAWN; OPINION SUBSTITUTED; APPLICATION FOR REHEARING GRANTED; RULE 39(k) MOTION GRANTED; AND REMANDED WITH INSTRUCTIONS.
All judges concur except BASCHAB, J., who concurs in the result only, without opinion.

*877
On Return to Second Remand

McMILLAN, Judge.
On May 8,1998, we remanded this cause to the trial court with instructions that that court include in its order revoking the appellant’s suspended sentence a statement that it was reasonably satisfied that the appellant was guilty of the charged offenses. See Stephenson v. State, 710 So.2d 489 (Ala.Cr.App.1997).
The trial court, having complied with that instruction, issued an order stating, in pertinent part: “Based on the hereinabove, the Court finds that it is reasonably satisfied that the Appellant was guilty of the charged offenses of shoplifting and forgery. The Court further finds that it is reasonably satisfied that the Appellant, Mark A. Byrd, has committed the charged offenses.”
We hold that the trial court has properly complied with our order remanding this cause. Accordingly, the judgment of the trial court is affirmed.
AFFIRMED.
LONG, P.J., and COBB, BROWN, and BASCHAB, JJ., concur.