BASCHAB, Judge.
On September 3, 1993, the appellant, Clark Stephen Colbert, was convicted of attempted possession of a controlled substance. The trial court sentenced him to six years imprisonment, but suspended the sentence and placed him on probation for five years. On January 5, 1998, the appellant’s probation officer filed an “Officer’s Report on Delinquent Probationer.” The report alleged that the appellant had violated the terms of his probation by committing a new offense — unlawful possession of a controlled substance. After a hearing, the trial court revoked the appellant’s probation. This appeal followed.
I.
First, the appellant argues that the trial court erred when it revoked his probation based on allegedly inadmissible hearsay. He raises this issue for the first time on appeal. “ ‘[T]he general rules regarding preservation should apply to rights granted to a probationer by Armstrong [v. State, 294 Ala. 100, 312 So.2d 620 (1975),] and Rule 27.5 and 27.6. “It is for the trial court ... to consider and correct, in the first instance, any error which may have been committed or any deficiency in the proceedings.” ’ ” Puckett v. State, 680 So.2d 980, 983 (Ala.Cr.App.1996) (citation omitted). Because the appellant did not raise this issue in the trial court, it is not properly before this court.
II.
Next, the appellant argues that the only evidence presented by the State was that he had been arrested and that federal charges may have been pending.
*684 Deputy Sheriff Drummond Lidell testified that he, other Jefferson County deputies, federal Drug Enforcement Administration agents, and Irondale police officers executed a search warrant at the appellant’s residence. According to Lidell, the officers discovered an “operational chemical laboratory” in a padlocked bathroom in the appellant’s house. They seized various chemicals and $5,900 in cash. They sent the chemicals to the Drug Enforcement Administration lab for testing. Although none of the substances seized were controlled substances under Alabama law, some of the substances were controlled substances under federal law.
The State presented substantive evidence that the appellant had committed the federal offense of possession of a controlled substance. Therefore, the appellant’s argument is without merit.
III.
Finally, the appellant argues that the trial court, in its written order revoking his probation, did not sufficiently state the evidence relied upon and the reasons for revoking his probation. We agree.
In its order revoking the appellant’s probation, the trial court stated:
“The witnesses were duly sworn and testimony was taken ore tenus before the Court with the proceedings being taken down by the Court Reporter.
“After considering the evidence offered at this hearing, this Court is reasonably satisfied that this defendant, CLARK STEPHEN COLBERT, has violated the terms of his probation. It is, therefore, the opinion of this Court that defendant’s probation should be revoked.”
(R. 8.) The trial court’s written order does not contain an adequate statement of the evidence relied upon in revoking the appellant’s probation. See Stallworth v. State, 690 So.2d 551 (Ala.Cr.App.1997); Rule 27.6(f), Ala. R.Crim. P. Furthermore, the order does not adequately state the reasons for revoking probation because it does not state the specific term or condition of probation that the appellant violated. See Springfield v. State, 717 So.2d 445 (Ala.Cr.App.1998).
Based on the foregoing, we remand this case for the trial court to issue a written order in accordance with this opinion. The trial court shall take necessary action to see that the circuit clerk makes due return to this court at the earliest possible time and within 35 days of the release of this opinion. The return to remand shall include a transcript of the remand proceedings, if any, conducted by the trial court.
REMANDED WITH DIRECTIONS. 
LONG, P.J., and McMILLAN, COBB, and BROWN, JJ., concur.