BASCHAB, Judge.
On November 4, 1991, the appellant, Charles Hal McKewen, pled guilty to two counts of robbery in the second degree. The trial court sentenced him to 15 years in prison on each count. It then suspended the sentences and ordered him to serve three years in prison and the remainder on probation. On June 26, 1998, the trial court revoked the appellant’s probation. The appellant filed a motion to reconsider the revocation of his probation. After a hearing, the trial court denied the motion. This appeal followed.
i.
First, the appellant argues that he was denied the right to be heard. Specifically, he contends that the trial court did not hold a revocation hearing at which he was present.
Before probation may be revoked, certain minimal constitutional requirements must be met. Among these is “an opportunity to be heard in person and to present witnesses.” Stallworth v. State, 690 So.2d 551, 553 (Ala.Cr.App.1997). Rule 27.6, Ala. R.Crim. P., entitles the probationer to be present at the revocation hearing.
During the hearing on the appellant’s motion to reconsider, the trial court stated, “I had a full hearing on this ... and you keep saying neither one of them was here. But people who were present came into this court and testified.” (R.4.) There is no transcript of the original hearing to which the trial court referred, and nothing in the record shows that the appellant was present at that hearing. Therefore, we must remand this cause for the trial court to determine whether the appellant was present at the revocation hearing.
II.
The appellant also contends that the trial court, in its written order revoking his probation, did not sufficiently state the evidence relied upon and the reasons for revoking his probation.
The trial court’s written order stated,
“Upon it being shown to the court that the defendant has violated the terms of his probation, same is hereby revoked and his sentence put into effect.”
(C.R.10.)
The trial court’s order contains no statement of the evidence the trial court relied upon in revoking the appellant’s probation. Furthermore, the order does not adequately state the reasons for revoking probation because it does not state the specific term or condition of probation that the appellant violated. See Springfield v. State, 717 *912 So.2d 445 (Ala.Cr.App.1998). Therefore, we must remand this cause to the trial court for it to issue an order clearly stating the evidence relied upon and the reasons for revoking the appellant’s probation.
III.
The appellant raises several additional arguments on appeal. However, he did not raise these arguments before the trial court.
“‘[T]he general rules regarding preservation should apply to rights granted to a probationer by Armstrong [v. State, 294 Ala. 100, 812 So.2d 620 (1975) ] and Rule 27.5 and 27.6.’ ” Henry v. State, 675 So.2d 44, 45 (Ala.Cr.App.1994). Furthermore, “ ‘ “[i]t is for the trial court ... to consider and correct, in the first instance, any error which may have been committed or any deficiency in the proceedings.” ’ ” Woodberry v. State, 625 So.2d 1159, 1162 (Ala.Cr.App.1993)(quoting Taylor v. State, 600 So.2d 1080, 1081 (Ala.Cr.App.1992)). Because these arguments were not presented to the trial court, they are not properly before this court.
Based on the foregoing, we remand this cause to the trial court. The trial court shall make specific findings of fact as to whether the appellant was present at the revocation hearing. If the trial court determines that the appellant was present at that hearing, it shall enter a new written revocation order, specifically stating the evidence relied upon in revoking the appellant’s probation and the reasons for revoking the appellant’s probation. The revocation order should also reflect that the probation violations have been proven to the reasonable satisfaction of the trial court.
If the trial court determines that the appellant was not present at the original revocation hearing, it shall set aside its revocation order and conduct another hearing. In conducting the revocation hearing on remand, we caution the trial court to comply with the due process requirements set forth in Morrissey v. Brewer, 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972); Gagnon v. Scarpelli, 411 U.S. 778, 93 S.Ct. 1756, 36 L.Ed.2d 656 (1973); Armstrong v. State, 294 Ala. 100, 312 So.2d 620 (1975); and Rule 27, Ala. R.Crim. P.
The trial court shall take necessary action to see that the circuit clerk makes due return to this court at the earliest possible time and within 42 days of the release of this opinion. The return to remand shall include a transcript of the remand proceedings, if any, conducted by the trial court.
REMANDED WITH DIRECTIONS. *
LONG, P.J., and McMILLAN, COBB, and BROWN, JJ., concur.

 Note from the reporter of decisions: On March 26, 1999, on return to remand, the Court of Criminal Appeals affirmed, without opinion.