McMILLAN, Judge.
The appellant, William Eugene Pinson, pleaded guilty to the unlawful possession of a controlled substance and was sentenced to five years’ imprisonment; that sentence was split and he was ordered to serve one year and a day and was placed on probation for five years. While he was on probation, a delinquency report was filed against the appellant, alleging that he had violated his probation by failing to pay court-ordered fines and by committing a new offense. The appellant was arrested and a probation revocation hearing was held, but he failed to appear for the hearing. The trial court revoked his probation. Thereafter, the appellant filed a motion to set aside the order revoking his probation, because he was not present at the hearing, because no evidence was presented of his probation violation, and because, he says, the revocation order was insufficient. This motion was denied by the trial court.
The State acknowledges that the appellant had a right to be present, to be heard, and to present witnesses before his probation could be revoked. The State further acknowledges that the trial court’s order contains no statement of the evidence relied upon in revoking the appellant’s probation, and that it does not adequately state the reasons for this revocation. Therefore, the revocation of the appellant’s probation was improper. The trial court’s judgment is due to be reversed and the cause remanded for a revocation hearing *1122 to be held at which the appellant is present, and following which the trial court should issue a complete order. McKewen v. State, 733 So.2d 910 (Ala.Cr.App.1998).
REVERSED AND REMANDED.
LONG, P.J., and COBB, BASCHAB, and FRY, JJ., concur.