PER CURIAM.
The appellant, Terry Lee Crawford, appeals from the revocation of his probation. Crawford was granted indigen-cy status in the circuit court and an attorney was appointed to represent him at his revocation hearing. On appeal, that attorney moved to withdraw. The trial court granted that motion; however, it did not immediately appoint a.new attorney for Crawford. Crawford’s indigency status was not revoked before this appeal to this Court, and Crawford has corresponded with this Court and has indicated his desire to have counsel appointed to represent him on direct appeal from the revocation.
This Court in Coon v. State, 675 So.2d 94 (Ala.Cr.App.1995), recognized that the right to counsel is a qualified right and that there is no absolute right to counsel in a probation revocation proceeding. See also Rule 27.6, Ala-R-Crim-P.[1] We hold that the right to counsel, conditioned on the factors articulated in Coon and in Rule 27.6, applies to a defendant whose probation is revoked and who files a direct appeal with this Court from the revocation. Therefore, we must remand this case so that the circuit court may determine, applying the factors enumerated in Coon and in Rule 27.6, whether Crawford is entitled to have counsel appointed for purposes of an appeal to this Court.
This case is remanded to the Circuit Court for Madison County. If that court determines that Crawford is entitled to appointed counsel, then it should appoint counsel for purposes of an appeal to this Court. A copy of the circuit court’s order shall be filed with this Court within 14 days from the release of this opinion. If new counsel is appointed, the trial court shall inform new counsel that he or she shall have 35 days from the date of his or her appointment to file and serve Crawford’s brief to this Court.
REMANDED WITH DIRECTIONS. 
LONG, P.J., and McMILLAN, COBB, BASCHAB, and FRY, JJ., concur.

. Rule 27.6 provides, in part:
"The probationer is entitled to be present at the hearing and to be represented by counsel. Counsel will be appointed to represent an indigent probationer upon request:
"(1) If the probationer makes a colorable claim that the probationer has not committed the alleged violation of the conditions or regulations of probation or the instructions issued by the probation officer; or
"(2) Even when the violation is a matter of public record or is uncontested, if there are substantial reasons that justify or mitigate the violation and that may make revocation inappropriate, and the reasons are complex or otherwise difficult to develop or present.”