BASCHAB,
Judge, dissenting.
The appellant argues, for the first time on appeal, that the circuit court erred by not advising him of his right to request counsel to represent him during the revocation proceedings. For the reasons set forth below, I would conclude that his argument is not properly before this court and would affirm the circuit court’s judgment.
We have previously held that arguments that a circuit court did not comply with the requirements of Rules 27.5 and 27.6, Ala. R.Crim. P., must first be presented to the circuit court or they are waived on appeal. For example, in Puckett v. State, 680 So.2d 980 (Ala.Crim.App.1996), Puckett argued that the circuit court did not comply with the due process requirements set forth in Morrissey v. Brewer, 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972); Gagnon v. Scarpelli, 411 U.S. 778, 93 S.Ct. 1756, 36 L.Ed.2d 656 (1973); Armstrong v. State, 294 Ala. 100, 312 So.2d 620 (1975); and Rule 27.5(a)(1), Ala. R.Crim. P., when it revoked his probation. In addressing that argument, this court held:
“The appellant failed to preserve this issue for our review, because he did not present this issue to the trial court.
“In Morrissey, supra, the United States Supreme Court set forth the minimum constitutional requirements that must be met before parole may be revoked:
“ ‘(a) written notice of the claimed violations of parole; (b) disclosure to the parolee of evidence against him; (c) opportunity to be heard in person and to present witnesses and documentary evidence; (d) the right to confront and cross-examine adverse witnesses (unless the hearing officer *1146 specifically finds good cause for not allowing confrontation); (e) a “neutral and detached” hearing body such as a traditional parole board, members of which need not be judicial officers or lawyers; and (f) a written statement by the factfinders as to the evidence relied on and reasons for revoking parole.’
“Morrissey, 408 U.S. at 489, 92 S.Ct. at 2604. The United States Supreme Court extended these rights to probationers in probation revocation proceedings in Gagnon, supra, and the Alabama Supreme Court applied these principles in Armstrong, supra. The procedures for probation revocation proceedings set out in Rule 27.5 and Rule 27.6, Ala. R.Crim. P., are intended to comply with the due process requirements of Morris-sey and Gagnon. The present case presents us with the question of whether claims arising out of these due process requirements can be waived.
“In Taylor v. State, 600 So.2d 1080 (Ala.Cr.App.1992), the appellant alleged that the trial court, in revoking his probation, had failed to comply with the procedures in Rule 27.5 and Rule 27.6, Ala. R.Crim. P. This court stated:
“ ‘The appellant, however, failed to present any of these issues [concerning noncompliance with Rule 27.5 and 27.6] to the trial court. We find no cases other than Ex parte Helton, 578 So.2d 1379 (Ala.1990), and Story v. State, 572 So.2d 510 (Ala.Cr.App.1990), which stand for the proposition that the trial court’s compliance with Armstrong v. State, 294 Ala. 100, 312 So.2d 620 (1975), and Rules 27.5 and 27.6 is not waivable; therefore, the general rules regarding preservation should apply to rights granted to a probationer by Armstrong and Rule 27.5 and 27.6. “It is for the trial court ... to consider and correct, in the first instance, any error which may have been committed or any deficiency in the proceedings.” Willis v. State, 500 So.2d 1324 (Ala.Cr.App.1986). Even constitutional issues may be waived on appeal if not presented to the trial court. Crosslin v. State, 540 So.2d 98 (Ala.Cr.App.1988); Cagle v. State, 504 So.2d 1225 (Ala.Cr.App.1987); Andersen v. State, 418 So.2d 967 (Ala.Cr.App.1982); Moore v. State, 415 So.2d 1210 (Ala.Cr.App.), cert. denied, 459 U.S. 1041, 103 S.Ct. 459, 74 L.Ed.2d 610 (1982). Therefore, we hold that because the appellant failed to present the foregoing issues to the trial court, they are procedurally barred. Stanley v. State, 579 So.2d 19, 20 (Ala.Cr.App.1990) (failure to object to trial court’s taking notice of probation contract in court file waived issue on appeal); Maul v. State, 531 So.2d 35, 36 (Ala.Cr.App.1987) (“matters not objected to are not preserved for review”); Salter v. State, 470 So.2d 1360, 1362 (Ala.Cr.App.1985) (failure to object to certified copy of conviction at probation revocation hearing waived issue on appeal); cf. Ex parte Brown, 540 So.2d 740 (Ala.1989) (trial court’s failure to comply with A.R. Juv. P. 24 waived by failure to object).’
“600 So.2d at 1081 (footnote omitted).
“One of the specific allegations in Taylor was that Taylor was not furnished with a written copy of the alleged probation violation before the hearing; the appellant makes the same allegation in this case. See Rule 27.5(a)(1) (embodying this requirement of Morrissey and Gagnon). Although Taylor’s claim was constitutional, we nonetheless found in Taylor that it was subject to the general rules regarding preservation and, therefore, held that Taylor’s claim *1147 was procedurally barred, because it was raised for the first time on appeal.
“This court noted in a footnote in Taylor:
“ “While Ex parte Helton [578 So.2d 1379 (Ala.1990)] implies that the requirement that the trial court state the reasons and the evidence relied upon for revocation is not waivable because of the lack of an objection, the Alabama Supreme Court neither specifically addressed preservation, nor extended its holding to other Armstrong requirements, which are now embodied in Rules 27.5 and 27.6. In Story [v. State, 572 So.2d 510 (Ala.Cr.App.1990)], this court held that the appellant did not waive his right to a revocation hearing by failing to object.’
“600 So.2d at 1081 n. 1. Since our decision in Taylor, this court has recognized, in probation revocation proceedings, only two exceptions to the general rule that issues not presented to the trial court are waived on appeal: (1) the requirement that there be an adequate written order of revocation (see Rule 27.6(f), Ala. R.Crim. P.), as was the situation in Ex parte Helton, 578 So.2d 1379 (Ala.1990), and (2) the requirement that a revocation hearing actually be held (see Rule 27.6(a), Ala. R.Crim. P.), as was the situation in Story v. State, 572 So.2d 510 (Ala.Cr.App.1990). We have consistently held that other claims — even those raising constitutional issues — are waivable. See, e.g., Henry v. State, 675 So.2d 44, 45 (Ala.Cr.App.1994); Harrelson v. State, 651 So.2d 1151, 1152 (Ala.Cr.App.1994); Woodberry v. State, 625 So.2d 1159, 1162 (Ala.Cr.App.1998); and Miller v. State, 611 So.2d 434, 435 (Ala.Cr.App.1992).
“Justice Maddox, in his dissent in Ex parte Helton, stated that the majority’s determination in Helton that it was unnecessary for Helton to object in the trial court in order to preserve for appellate review the alleged inadequacy of the trial court’s written order of revocation was apparently based on the majority’s agreement with Helton’s argument that he could not be required to object in the trial court to the inadequacy of the court’s written revocation order when that order was not entered until after his revocation hearing. See Ex parte Helton, 578 So.2d at 1380 (Maddox, J., dissenting). Presumably, the impediment to raising an objection to an inadequate written revocation order in the trial court is further enlarged by the fact that the Alabama Rules of Criminal Procedure contain no specific provision for post-judgment motions in a probation revocation proceeding (although Justice Maddox indicated in his dissent in Helton that he believed a party could avail himself of Temp. Ala. R.Crim. P. 13 — now Rule 24, Ala. R.Crim. P. — to file a post-hearing motion objecting to an allegedly inadequate written order of revocation).
“This court’s holding in Story that a probationer is not precluded from raising for the first time on appeal the claim that probation was improperly revoked without a revocation hearing is based on the principle that a hearing is mandatory and confers jurisdiction on the trial court, and that, therefore, an order of revocation entered without a hearing is void and may be attacked at any time. See Story, 572 So.2d at 510. Moreover, the difficulty of raising an objection for the record where one’s probation has been revoked without a hearing is obvious. However, the impediments to a defendant’s raising, in the trial court, an objection to the inadequacy of a written order of revocation or to the trial court’s failure to hold a revocation hear *1148 ing simply do not present themselves in the case of the other due process requirements of Morrissey and Gagnon or Rule 27.5 and Rule 27.6, Ala. R.Crim. P., and the trial court’s or the state’s alleged failure to comply with these other due process requirements may readily be objected to before or during the course of a revocation hearing.
“The numerous recent cases where this court has made an exception to the general rules of preservation and remanded a case to the trial court when the issue of noncompliance with the requirements of Morrissey and Gagnon or Rule 27.5 and Rule 27.6 was raised for the first time on appeal have been limited to instances involving inadequate written orders of revocation. See, e.g., Wilson v. State, 659 So.2d 970 (Ala.Cr.App.1994); T.H.B. v. State, 649 So.2d 1323 (Ala.Cr.App.1994).”
Puckett, 680 So.2d at 982-84 (emphasis added). See also McDaniel v. State, 773 So.2d 1055 (Ala.Crim.App.2000) (holding that a claim that the circuit court did not comply with the requirements of Rule 27.6(c), Ala. R.Crim. P., must first be presented to the circuit court); Guilford v. State, 748 So.2d 229 (Ala.Crim.App.1999) (holding that a claim that the circuit court did not comply with the requirements of Rule 27.6(c), Ala. R.Crim. P., must first be presented to the circuit court); Colbert v. State, 736 So.2d 682 (Ala.Crim.App.1998) (noting that the general rules of preservation apply to the rights afforded to a probationer by Armstrong and Rules 27.5 and 27.6, Ala. R.Crim. P.); Frith v. State, 729 So.2d 352 (Ala.Crim.App.1998) (holding that a claim that the circuit court did not comply with the requirements of Rule 27.6(c), Ala. R.Crim. P., must first be presented to the circuit court); Trice v. State, 707 So.2d 294, 297 n. 3 (Ala.Crim.App.1997) (holding that a claim that the circuit court did not advise a probationer of the rights set forth in Rule 27.6(c), Ala. R.Crim. P., will not be reviewed on appeal absent an indication in the record that that issue has been preserved for appeal); Davis v. State, 689 So.2d 225, 226 (Ala.Crim.App.1996) (noting that the general rules of preservation apply to the rights afforded to a probationer by Armstrong and Rules 27.5 and 27.6, Ala. R.Crim. P.); Henry v. State, 675 So.2d 44 (Ala.Crim.App.1994) (noting that the general rules of preservation apply to the rights afforded to a probationer by Armstrong and Rules 27.5 and 27.6, Ala. R.Crim. P.).
However, in Law v. State, 778 So.2d 249, 250 (Ala.Crim.App.2000), Law argued, for the first time on appeal, that the circuit court “erred by failing to advise him of his right to request an attorney during the probation revocation proceeding.” Nevertheless, this court addressed the argument, explaining:
“In Coon v. State, 675 So.2d 94 (Ala.Cr.App.1995), the appellant contended for the first time on appeal that the trial court erred in allowing him to represent himself without first holding a hearing to determine if he had voluntarily relinquished his right to counsel in accordance with Faretta v. California, 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975). This Court, recognizing that ‘in certain cases in which fundamental fairness — the touchstone of due process [requires] that the State provide at its expense counsel for indigent probationers or parolees,’ addressed the merits of the issue. 675 So.2d at 96. We conclude, as we did in Coon, that fundamental fairness mandates that we address the merits of Law’s contention that he was not informed of his right to counsel. As the United States Supreme Court noted in Gagnon v. Scarpelli, 411 U.S. 778, 93 S.Ct. 1756, 36 L.Ed.2d 656 (1973), situations exist in which a probationer, if not *1149 represented by counsel, may not receive the protections guaranteed by Morrissey v. Brewer, 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972), in probation revocation proceedings. Therefore, we address the merits of Law’s contention that he was not informed of his right to counsel.”
Law, 778 So.2d at 250 (footnote omitted).
However, this court’s characterization in Law of the holding in Coon was erroneous. In Coon, contrary to the assertion in Law, this court did not address Coon’s argument because of a “recognition] that ‘in certain eases ... fundamental fairness— the touchstone of due process [requires] that the State provide at its expense counsel for indigent probationers or parolees.’ ” 778 So.2d at 250. Rather, in that case, Coon, who had represented himself during the probation revocation proceedings, argued, for the first time on appeal, that “the [circuit] court erred in allowing him to represent himself without first holding a hearing pursuant to Faretta v. California, 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975), to determine if he had [voluntarily] relinquished his right to counsel.” Coon, 675 So.2d at 95. That argument required us to determine whether Coon had a right to be represented by counsel during the revocation proceedings and, if so, whether he knowingly and voluntarily waived that right. Accordingly, we quoted at length a discussion about the right to counsel in probation revocation proceedings from Gagnon v. Scarpelli, including the statement that “there will remain certain cases in which fundamental fairness — the touchstone of due process — will require that the State provide at its expense counsel for indigent probationers or parolees.” 411 U.S. at 790, 93 S.Ct. at 1763. Therefore, the statement in Law that “[w]e conclude, as we did in Coon, that fundamental fairness mandates that we address the merits of Law’s contention that he was not informed on his right to counsel” was apparently based on a misreading of Coon.
Furthermore, in Law, we also cited Gagnon v. Scarpelli for the proposition that
“situations exist in which a probationer, if not represented by counsel, may not receive the protections guaranteed by Morrissey v. Brewer, 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972), in probation revocation proceedings.”
Law, 778 So.2d at 250 (footnote omitted). However, those considerations are not implicated in a case, like the present case, in which an appellant argues only that the circuit court did not advise him of his right to request counsel. Instead, such concerns are better addressed in cases in which the appellant argues that he actually had a right to be represented by counsel and that he did not knowingly and voluntarily waive that right.
Finally, this court’s treatment of this issue in subsequent cases has not always been consistent with Law. In Evans v. State, 794 So.2d 1234, 1235-36 (Ala.Crim.App.2000), we addressed Evans’ claim that “he was denied the assistance of counsel at his probation revocation hearing, because he says, he was not informed that he could be represented by counsel at that proceeding,” even though he had raised that claim for the first time on appeal. (Emphasis added.) However, we further held that his argument “that he was denied due process rights when he was not informed of his right to request appointed counsel ” was not preserved because he had raised it for the first time on appeal. Evans, 794 So.2d at 1236 (emphasis added).
For these reasons, I would hold that a claim that the circuit court did not advise a probationer of his right to request counsel during a revocation proceeding must first be presented to the circuit court or it is *1150 waived on appeal. This court’s holding in Law was an ill-advised departure from well-established caselaw that the general rules of preservation apply to probation revocation proceedings and to the rights enumerated in Rules 27.5 and 27.6, Ala. R.Crim. P. Therefore, I would expressly overrule Law and any prior holdings to the contrary, see, e.g., Evans v. State, 794 So.2d 1234 (Ala.Crim.App.2000), and affirm the circuit court’s judgment.
WISE, J., concurs.