McMILLAN, Presiding Judge.
The appellant, Mack Arther Adams, Jr., appeals from the Baldwin Circuit Court’s revocation of his probation. He argues that the trial court failed to comply with the minimum due process standards set out in Morrissey v. Brewer, 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972). He contends (1) that the trial court did not provide him notice of the alleged violations of the terms of his probation; (2) that the trial court did not hold a revocation hearing; and (3) that the order of revocation did not contain a written statement of the evidence relied on and the reasons for the revocation. The State has requested that we remand this matter to the trial court for that court to amend its revocation order and to determine whether the appellant timely raised his claim of lack of notice.
The general rules of preservation apply in revocation proceedings. Puckett v. State, 680 So.2d 980 (Ala.Crim.App.1996). This Court has recognized the following exceptions to the general rules: (1) the requirement that there be an adequate order of revocation, and (2) the requirement that a revocation hearing actually be held. Id. This Court has also held that a defendant can argue for the first time on appeal the trial court’s failure to inform him of his right to request counsel for probation-revocation proceedings. Law v. State, 778 So.2d 249 (Ala.Crim.App.2000).
In the instant case, the record on appeal contains only an order of commitment to jail, which states that the appellant’s probation was revoked. There is no revocation order in the record. Further, the record does not contain a transcript of a revocation hearing, and it is not clear whether a hearing was, in fact, held. This matter is therefore remanded to the Baldwin Circuit Court for that court to issue a sufficient order of revocation. The trial court should also either make findings as to whether a revocation hearing was held and whether the issue of notice was preserved for appellate review or conduct further proceedings to determine the validity of the appellant’s claims. Due return shall be made to this Court within 60 days of the date of this opinion.
REMANDED WITH DIRECTIONS. 
COBB, SHAW, and WISE, JJ„ concur.
BASCHAB, J., concurs in the result.