COBB, Judge.
Charlie Junior Allen pleaded guilty to two counts of criminal trespass, violations of §§ 13A-7-2 and 13A-7-4, Ala.Code 1975. The district court judge, sitting in the circuit court, sentenced Allen to 90 days’ hard labor and ordered him to pay a $100 fine, a $25 victims compensation assessment, and court costs for each count. The circuit court ordered that the sentences were to run concurrently. The circuit court suspended Allen’s sentence on the condition that Allen pay $100 per month toward his fines and costs and that he conduct himself in a reasonable and lawful manner for two years.
During sentencing proceedings, the circuit court notified Allen that a review hearing was scheduled for August 29, 2002. Allen failed to appear at the review hearing, and the trial court issued a writ of arrest for Allen. Allen was arrested on September 9, 2002. According to the case action summary sheet, a review hearing was set for October 25, 2002. The notation on the case action summary on that date reflects that Allen’s suspended sentence was revoked because Allen had willfully failed to pay as ordered.
Allen 'appeals from the Houston Circuit Court’s revocation of his suspended sentence, arguing that the circuit court failed to comply with the due-process standards set forth in Morrissey v. Brewer, 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972). He claims (1) that the circuit court failed to comply with the mandates of Rules 27.1 and 27.6(e), Ala. R.Crim. P., when the circuit court entered the initial probation orders; (2) that he was denied due process because the proceedings were not initiated by a petition from the prosecutor, probation officer, or the sentencing court as mandated by Rule 27.4, Ala. R.Crim. P.; (3) that he was denied due process because no initial appearance or revocation hearing was conducted pursuant to Rules 27.4 and 27.6, Ala. R.Crim. P.; (4) that the evidence was insufficient as a basis on which to revoke his probation; (5) that the trial court failed to make a written statement or an oral statement for the record setting forth the evidence relied upon and the reasons for revoking Allen’s probation as mandated by Rule 27.6(f), Ala. R.Crim. P.; and (6) that he was denied a court reporter in the circuit court. The State requests that we remand this matter to the trial court for that court to amend its revocation order.[1]
“The general rules of preservation apply in revocation proceedings. Puckett v. State, 680 So.2d 980 (Ala.Crim.App.1996). This Court has recognized the following exceptions to the general rules: (1) the requirement that there be an adequate order of revocation, and (2) *611 the requirement that a revocation hearing actually be held. Id. This Court has also held that a defendant can argue for the first time on appeal the trial court’s failure to inform him of his right to request counsel for probation-revocation proceedings. Law v. State, 778 So.2d 249 (Ala.Crim.App.2000).”
Adams v. State, 844 So.2d 622, 623 (Ala.Crim.App.2002).
In the instant case, the record on appeal contains only a written statement in the case action summary that states that Allen’s suspended sentence was revoked for failure to pay. There is no separate revocation order in the record. If the entry in the case action summary is the trial court’s revocation order, it is insufficient in that it does not list the evidence relied upon to revoke Allen’s suspended sentence. Furthermore, the record does not contain a transcript of a revocation hearing. Allen claims that no transcript exists because the circuit court failed to record any proceedings. It is not clear whether a hearing was, in fact, held.
Therefore, this matter is remanded for the Houston Circuit Court to make a finding as to whether a revocation hearing was held. If no hearing was held, the circuit court should conduct a hearing as mandated by § 15-22-54, Ala.Code 1975. However, if the circuit court determines that Allen did receive a revocation hearing, the trial court needs to issue a sufficient order of revocation that sets forth the evidence relied upon and the reasons for revoking Allen’s probation. Due return shall be made to this Court within 60 days of the date of this opinion.
REMANDED WITH DIRECTIONS.*
McMILLAN, P.J., and SHAW and WISE, JJ., concur; BASCHAB, J., concurs in the result.

. Although the trial court did not use the term “on probation,” the sentence entered, was, in essence, an order of probation. Therefore, we are treating this, as the defendant does, as review of the trial court’s revocation of probation.

 Note from the reporter of decisions: On November 14, 2003, on return to remand, the Court of Criminal Appeals dismissed the appeal, without opinion.